CITICORP MORTGAGE, INC. *v.*
JAMES E. CONANT ET AL.
(AC 18442)

Lavery, Schaller and Dupont, Js.

Argued April 29—officially released August 17, 1999

*Andrew B. Nevas*, for the appellants (named defendant et al.).

*Robert J. Piscitelli*, for the appellee (plaintiff).

*Opinion*

LAVERY, J. In this appeal from a judgment of foreclosure, the sole claim of the defendants James E. Conant and Rita Conant[1] is that the trial court improperly denied their application for protection from foreclosure (application),[2] pursuant to General Statutes §§ 49-31d through 49-31j. We affirm the judgment of the trial court.

The trial court found the following facts with respect to the defendants' application. On September 24, 1985, the defendants signed an adjustable rate note in the original principal amount of $389,000, which note was secured by a mortgage deed on their home at 36 Indian Valley Road, Weston. On the day of the application hearing, the defendants owed the plaintiff, Citicorp Mortgage, Inc., $385,325.33, not including escrow advances for real estate taxes, insurance, legal fees and court costs. In addition, the defendants were indebted under a second mortgage in the amount of $131,000, a third mortgage in the amount of $100,000, three federal tax liens in the total amount of $28,400, two unsecured loans to lending institutions in the amount of $47,605.97 and credit card debt in the amount of $31,555.71. The stipulated value of the mortgaged premises on the date of the hearing was $475,000.

---

[1] The holders of encumbrances on the Conants' property subsequent to that of the plaintiff were also named as defendants. We refer in this opinion to James E. Conant and Rita Conant as the defendants.

[2] General Statutes § 49-31f (a) provides: "Subject to the provisions of subsection (b), a homeowner who is underemployed or unemployed against whom a foreclosure action is brought may make application, together with a financial affidavit, to the court having jurisdiction over the foreclosure action for protection from foreclosure if: (1) The mortgage being foreclosed encumbers the residential real property, which property has served as his principal residence, for a period of not less than two years, (2) such homeowner has not had a foreclosure action commenced against him in the preceding seven-year period and (3) such homeowner has not received an emergency mortgage assistance loan and has not applied for emergency mortgage assistance for two years before the application under the provisions of sections 8-265cc to 8-265ii, inclusive."

At the time of the hearing, the defendants had a combined income of $54,000. The defendant, James E. Conant, testified that he worked for Bankers Workout Alternatives, Inc., and put his employment agreement into evidence. He testified that once his employer's revenue reached a level defined as a "conversion point," his income would increase to $150,000 a year. At the time of the hearing, the conversion point had not been reached. The trial court found that the defendants were underemployed homeowners, pursuant to General Statutes § 49-31d (2) and (6).[3] The trial court found, on the basis of the testimony, financial affidavits and other evidence introduced at the hearing, that the three mortgages exceeded the value of the defendants' equity in their home. The trial court denied the application, concluding that the defendants' financial situation would make it unlikely that they would be able to make timely payments on the restructured mortgage and that the plaintiff would be prejudiced by the restructuring of the mortgage. See General Statutes § 49-31f (d) (1).[4]

[3] General Statutes § 49-31d provides in relevant part: "(2) 'Homeowner' means a person who has an ownership interest in residential real property secured by a mortgage which is the subject of a foreclosure action, and who has owned and occupied such property as his principal residence for a continuous period of not less than two years immediately preceding the commencement of such foreclosure action.

\* \* \*

"(6) 'Underemployed person' means a person whose earned income during the twelve-month period immediately preceding the commencement of the foreclosure action is (A) less than fifty thousand dollars and (B) less than seventy-five per cent of his average annual earned income during the two years immediately preceding such twelve-month period."

[4] General Statutes § 49-31f (d) provides: "In determining the eligibility of a homeowner for protection from foreclosure under the provisions of sections 49-31d to 49-31i, inclusive, the court may consider any relevant facts and shall consider:

"(1) The likelihood that the homeowner will be able to make timely payments on the restructured mortgage commencing at the end of the restructuring period.

"(2) The presence of any substantial prejudice to the lender or any subordinate lienor or encumbrancer which would result from a restructuring of the mortgage debt."

Our standard of review is whether the trial court abused its discretion. A foreclosure action is an equitable proceeding. *BayBank Connecticut, N.A.* v. *Thumlert*, 222 Conn. 784, 791, 610 A.2d 658 (1992). The determination of what equity requires is a matter for the discretion of the trial court. *Kakalik* v. *Bernardo*, 184 Conn. 386, 395, 439 A.2d 1016 (1981). "In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. *Gillis* v. *Gillis*, 214 Conn. 336, 340, 572 A.2d 323 (1990); *E. M. Loew's Enterprises, Inc.* v. *Surabian*, 146 Conn. 608, 612, 153 A.2d 463 (1959). Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did. *Gillis* v. *Gillis*, supra, 340–41; *Timm* v. *Timm*, 195 Conn. 202, 210, 487 A.2d 191 (1985)." *Connecticut National Bank* v. *Zuckerman*, 29 Conn. App. 541, 545, 616 A.2d 814 (1992). When the trial court decides whether a homeowner can make the required payments of a restructured mortgage, it is a question of fact not one of law.

The trial court found that the defendants were eligible to seek a restructured mortgage as underemployed persons because their earned incomes during the twelve month period immediately preceding the commencement of the foreclosure action was less than 75 percent of their annual aggregate income during the two years preceding such twelve month period and each had an income of less than $50,000. See General Statutes § 49-31f (d) (6). It also found that the defendants' principal residence, in which they had lived for more than two years, was being foreclosed and no foreclosure action had been brought against the defendants in the preceding seven years. See General Statutes § 49-31f (a).

"The court shall determine the eligibility of such homeowner for protection from foreclosure pursuant to the provisions of sections 49-31d to 49-31i, inclusive." General Statutes § 49-31f (c). In reaching its decision, the trial court *may* consider any relevant facts and shall consider (1) the likelihood that the homeowner will be able to make timely payments on the restructured mortgage commencing at the end of the restructuring period and (2) the presence of any substantial prejudice to the lender or any subordinate lienor or encumbrancer which would result from a restructuring of the mortgage debt. See General Statutes § 49-31f (d). "If it determines that a homeowner who is an underemployed person is eligible for protection from foreclosure pursuant to subsections (a) and (c) of section 49-31f, the court in its discretion may order the restructuring of the mortgage debt of such homeowner so as to eliminate any arrearage in payments on the mortgage debt and may allow a structuring period not to exceed six months." General Statutes § 49-31g (a). The foreclosure action shall be stayed for the restructuring period. See General Statutes § 49-31f (f).

"In determining the restructured mortgage debt, the court shall add the following to the existing principal balance of the mortgage debt: (1) All interest then due the lender and any interest that will be earned to the end of any restructuring period, including interest on any payments advanced by the lender during the restructuring period, such interest to be computed at the rate provided in the mortgage note, (2) real property taxes . . . (4) court costs, legal fees and any other sums the court determines to be due under the terms of the mortgage indebtedness by the court. The court shall then apply the composite interest rate as provided in subsection (c) of this section to such total restructured debt over the remaining term of the loan." General Statutes § 49-31i (a). The payments that the defendants

would be required to make as a result of the mortgage restructure would necessarily be higher than the original payments.

We agree, in this case, that the trial court did not abuse its discretion when it denied the defendants' application. Its findings that the defendants' visions of their future earnings were speculative, that they had no equity in the mortgaged property, that their financial situation would make it unlikely that they would be able to make timely payments on the restructured mortgage and that the plaintiff would be prejudiced by a restructuring of the mortgage were based on the evidence before it. We conclude, therefore, that the trial court properly denied the defendants' application for protection from foreclosure.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.