FLEET NATIONAL BANK *v.* CYNTHIA L. LAHM
(AC 24653)

Bishop, West and Dupont, Js.

Argued September 24—officially released December 14, 2004

*Glenn T. Terk,* for the appellant (defendant).

*Houston Putnam Lowry,* for the appellee (plaintiff).

*Opinion*

DUPONT, J. This action was brought on April 25, 2002, by the plaintiff, Fleet National Bank (Fleet), to secure payment of a promissory note, executed on July 28, 1993, by the defendant, Cynthia L. Lahm, in the original principal amount of $25,000.[1] The trial court rendered judgment for the plaintiff in the amount of $31,171.29, pursuant to a report filed by an attorney fact finder.[2] We affirm the judgment of the trial court.

---

[1] The note was executed in favor of Shawmut Bank Connecticut, N.A. The bank was later merged into Fleet National Bank.

[2] The fact finder found that the promissory note was in the original principal amount of $25,000, with a balance due of $19,543, as well as accrued interest of $6934.89, late charges of $1193.40, attorney fees of $3500 and costs of suit of $244.74. Neither party disputes the amounts found to be due if the plaintiff's action was timely.

The sole issue in this appeal is whether the applicable statute of limitations barred the plaintiff's action for payment on a promissory note,[3] which is a question of law for which our review is plenary. *Lenares* v. *Miano*, 74 Conn. App. 324, 330, 811 A.2d 738 (2002). We must determine, therefore, *which* statute of limitations governs the promissory note and *when*, pursuant to the applicable statute, the plaintiff's cause of action accrued.

The only evidence before the fact finder proffered by the plaintiff was the testimony of a banking officer in its managed assets division and the promissory note.[4] The note provided that the loan was to be repaid in eighty-three monthly installments of two hundred dollars each, beginning September 1, 1993, and ending August 1, 2000, when a final principal payment of $8400 was due and payable. The note further provided that "[t]he entire principal balance plus accrual and unpaid interest thereon, and all other sums and charges due the Lender thereof, unless sooner paid, shall be due and payable on August 1, 2000." The note also provided that in the event an installment payment is not made when due, "the entire indebtedness with accrued interest due thereon under this Note, shall, at the option of lender, accelerate and become due and payable without

---

[3] The defendant's first special defense, in her answer to the plaintiff's complaint, stated that the "collection of the promissory note is barred by the applicable statute of limitations," without making any statutory reference. Although Practice Book § 10-3 provides that any special defense shall specifically identify by number the statute upon which a party relies, the rule is directory and not mandatory. See *Steele* v. *Stonington*, 225 Conn. 217, 221 n.7, 622 A.2d 551 (1993). The fact finder stated that the defendant asserted that the statutes involved were General Statutes §§ 52-576 and 42a-3-118. Section 52-576 governs the statute of limitations for actions pursuant to written contracts, whereas § 42a-3-118 is the specific statute of limitations for promissory notes. *Garofalo* v. *Squillante*, 60 Conn. App. 687, 692, 760 A.2d 1271 (2000), cert. denied, 255 Conn. 929, 767 A.2d 101 (2001).

[4] The defendant did not appear at trial and did not testify. There is no indication that the defendant was unaware of the debt.

demand or notice of any kind." The defendant failed to make the December 1, 1995 installment payment, and all payments thereafter. The plaintiff brought suit on April 25, 2002.

I

THE APPLICABLE STATUTE OF LIMITATIONS

The plaintiff argues that General Statutes § 42a-3-118 (a) or, in the alternative, § 42a-3-118 (b) applies to the promissory note, and that its action was timely under either subsection of the statute. The defendant argues that § 42a-3-118 (a)[5] is applicable, and that pursuant to it, the plaintiff's action was time barred because it was not brought within six years after the defendant failed to make the December, 1995 installment payment. The fact finder applied the ten year limitation period as provided in § 42a-3-118 (b), which the trial court endorsed.[6]

We first address the applicability of § 42a-3-118 (b). The plaintiff claims that § 42a-3-118 (b) applies because the note was a demand note. The plaintiff argues that the promissory note was a demand note because the language of the note allows the entire indebtedness to become due at the option of the plaintiff after a default in an installment payment. The words, "at the option of lender," according to the plaintiff, are equivalent to

[5] General Statutes § 42a-3-118 (a) provides: "Except as provided in subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date."

[6] General Statutes § 42a-3-118 (b) provides: "Except as provided in subsection (d) or (e), if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six years after the demand. If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten years."

the words "payable at the will of the holder" as provided in General Statutes § 42a-3-108 (a).[7] If this were a note payable on demand, the applicable limitation period would be ten years and the plaintiff's cause of action would have been viable on April 25, 2002, whether the failure to pay the installment due on December 1, 1995, or the failure to pay the note in full on August 1, 2000, commenced the running of the ten year limitation period.

The note in this case was not payable at the will of the plaintiff, but, rather, at the option of the plaintiff *only if* an installment payment was not made when due and the plaintiff exercised its option to demand payment. The plaintiff did not exercise that option and never demanded payment until after the final due date of August 1, 2000. We conclude, therefore, that the note was not a demand note, and that § 42a-3-118 (b) does not apply.

The plaintiff also argues that § 42a-3-118 (a) applies because the note was payable at a definite time rather than on demand. We agree. The promissory note in this case included an obligation to pay it at a definite time within the plain meaning of § 42-3-118 (a), which provides for a six year period of limitation.

## II

## THE ACCRUAL OF THE PLAINTIFF'S CAUSE OF ACTION

The plaintiff argues that the statute of limitations began to run on August 1, 2000, the due date of the note. The defendant argues that the statute of limitations began to run after the defendant failed to make

---

[7] General Statutes § 42a-3-108 (a) provides: "A promise or order is 'payable on demand' if it (i) states that it is payable on demand or at sight, or otherwise indicates that it is payable at the will of the holder, or (ii) does not state any time of payment."

the December 1, 1995 installment payment. We agree with the plaintiff.

The enforcement of a suit on a note payable at a specific time pursuant to § 42a-3-118 (a) "must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." The final due date of the note in this case was August 1, 2000, and the action had to be commenced within six years of that date, unless the due date was accelerated "at the option" of the plaintiff, if the defendant failed to make an installment payment. The plaintiff could have, at its option, exercised its right under the terms of the note to bring suit without a prior demand when the defendant failed to make the installment payment due December 1, 1995. It did not, however, exercise that option. The note did not provide for automatic acceleration of the date by which payment was due in the event the defendant failed to make an installment payment.

The precise question to be determined, against the backdrop of § 42a-3-118 (a) and the terms of the promissory note, is: If a debtor defaults on an obligation payable in installments by failing to make an installment payment and the lender does not demand payment, has the lender's cause of action automatically accrued as of the date of that default, thereby beginning the statutory limitation period. We are not aware of an appellate court decision in this state that resolves this question, although the decision of the trial court in *Cadle Co.* v. *Prodoti*, 45 Conn. Sup. 325, 327, 716 A.2d 965 (1998), comes close.

The answer lies in the fact that although a debtor may be in default on one installment, other installments lie in the future. "The fact that a cause of action may have accrued with respect to an installment in default does not necessarily mean that a cause of action has

also accrued against future installments that are not even due." Id. When acceleration of the total unpaid debt is optional on the part of the holder of a note, and the holder has given no indication to the debtor that the entire balance is presently due, the cause of action does not accrue until that balance is due pursuant to the particular note or the holder has notified the debtor of an earlier date. See id., 327–30.

We approve the reasoning of *Cadle Co.* and apply it in this case. The plaintiff had the option to accelerate payment of the entire balance of the note when one installment payment was skipped or when any installment payment thereafter was not made, or to await final accrual of its cause of action when the final due date, as provided in the note, was reached. The plaintiff chose to wait until the final due date of August 1, 2000, before demanding payment on the note. The six year statute of limitations provided by § 42a-3-118 (a), therefore, did not bar the plaintiff's cause of action when it was brought on April 25, 2002.

The judgment is affirmed.

In this opinion the other judges concurred.