FEDERAL DEPOSIT INSURANCE CORPORATION,
RECEIVER OF SAYBROOK BANK AND TRUST
COMPANY *v.* JOSEPH E. OWEN ET AL.
(AC 25216)

Dranginis, Flynn and Gruendel, Js.

Argued February 15—officially released May 10, 2005

*James M. Nugent,* for the appellants (named defendant et al.).

*Donald E. Frechette,* for the appellee (substitute plaintiff RFC Property I, Inc.).

*Opinion*

DRANGINIS, J. The primary issues in this mortgage foreclosure action are governed by an "ancient" rule that distinguishes a lender's rights at law from those in equity. "That no action at law will lie upon these notes, if the statute of limitations is pleaded, cannot be doubted. Nor can it be claimed, that this statute . . . shall operate in a court of equity." *Belknap* v. *Gleason,* 11 Conn. 160, 162 (1836).

Here, the defendants Joseph E. Owen and Geraldine E. Owen[1] appeal from the judgment of strict foreclosure, raising issues as to whether (1) certain notes were enforceable, (2) the action was time barred and (3) the trial court abused its discretion with respect to its award of attorney's fees.[2] We affirm the judgment of the trial court.

The court found this case to be a mortgage foreclosure action involving three mortgages evidencing security interests held by the substitute plaintiff, RFC Property I, Inc.,[3] in real property known as 300 Old Coach Lane, Stratford (property), where the defendants reside. Specifically, the court found that the mortgages involved are "[a] mortgage dated July 1, 1988, to the Saybrook Bank and Trust Company as security for a demand note in the amount of $315,000 (*Note 1*); a mortgage dated July 2, 1988, to the Saybrook Bank and Trust Company, August 2, 1988, as security for a demand note in the amount of $25,000 to the Saybrook Bank and Trust Company (*Note 2*); a mortgage to the Whitney Bank and Trust Company, dated April 6, 1989, as secu-

---

[1] Several subsequent encumbrancers were named in the complaint as defendants but are not involved in this appeal. We refer in this opinion to the Owens as the defendants.

[2] In their brief, the defendants stated their claims as follows. "1. Did the trial court err in awarding judgment in favor of the [substitute plaintiff, RFC Property I, Inc.] despite: (a) the unenforceability of the mortgage modification document; (b) the absence of a pleading which refers to enforceable instruments? 2. Did the trial court err in awarding judgment in favor of the plaintiff: (a) despite the application of the bar to its action contained in . . . General Statutes §§ 42a-3-118 and 52-576 (a); (b) despite the ineffectiveness of the settlement agreement to extend or revive the statute of limitations? 3. Did the court err in its award of attorney's fees to the plaintiff: (a) by permitting redacted versions of its bills and time records into evidence; and (b) by awarding a grossly excessive amount of money in a residential mortgage foreclosure?"

[3] The substitute plaintiff, RFC Property I, Inc., is the real plaintiff in interest. The court found that the notes had been assigned to it and that it is the proper holder of the mortgages. We therefore refer in this opinion to RFC Property I, Inc., as the plaintiff.

rity for a home equity line of credit in the amount of $45,000 (Note 3). The mortgages to the Saybrook Bank and Trust Company are subject to modification agreements dated May 18, 1990." (Emphasis added.)

The court found the debt due as of February 20, 2003, not including attorney's fees, as follows:

| | |
|---|---|
| *Note 1* | Principal balance $315,000.00<br>Interest $284,167.19 |
| *Note 2* | Principal balance $24,874.91<br>Interest $22,440.11 |
| Note 3 | Principal balance $44,715.06<br>no interest charges |
| Taxes paid by Federal Deposit Insurance Corporation | $55,214.38 |
| Taxes paid by plaintiff | $40,540.26 |
| Appraisal fees | $200.00 |
| Title search | $150.00 |
| Total debt | $787,301.91 |

The court also found the fair market value of the property to be $550,000.

In August, 1995, the Federal Deposit Insurance Corporation, the court-appointed receiver of the failed banks, Saybrook Bank and Trust Company and Whitney Bank and Trust Company, and the defendants entered into a settlement agreement, which consisted of several mortgage modification agreements. Pursuant to the settlement agreement, the defendants were to deliver $215,000 to the Federal Deposit Insurance Corporation as a condition precedent to the transfer of its interest in the property. The $215,000 payment was never made. The settlement agreement also contained a provision waiving the rights of the defendants to object to foreclosure in any counterclaims or defenses they might have.

After citing the rules for awarding reasonable attorney's fees established pursuant to *Hensley* v. *Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Kirsch* v. *Fleet Street, Ltd.*, 148 F.3d 149, 172–73 (2d Cir. 1998); *Steiger* v. *J. S. Builders, Inc.*, 39 Conn. App. 32, 38, 663 A.2d 432 (1995); the court awarded the plaintiff attorney's fees of $155,635.88. The court further found interest to February 20, 2004, at the rate of $43.18 per diem on Note 1 and $3.80 per diem on Note 2 for a total of $18,954.45. The court ordered a strict foreclosure of the property and set a law day of March 23, 2004.

Thereafter, the defendants filed a motion for articulation asking the court to set forth the factual and legal basis for enforcing unsigned loan documents against them, why the plaintiff's claims were not time barred and the basis of the court's award of counsel fees. The court denied the motion for articulation. The defendants, however, did not file a motion for review with this court. See Practice Book § 66-6. On appeal, the defendants claim, generally, that the court abused its discretion in (1) rendering judgment in favor of the plaintiff because (a) the modification agreements were unenforceable, (b) the operative complaint did not refer to enforceable instruments and (c) the action is barred by General Statutes §§ 42a-3-118 and 52-576 (a), and (2) awarding attorney's fees that are grossly excessive. The plaintiff argues that most of the defendants' claims are not reviewable due to the absence of an articulation.[4]

---

[4] "One specific purpose of a motion for articulation of the factual basis of a trial court's decision is to clarify an ambiguity or incompleteness in the legal reasoning of the trial court in reaching its decision. . . . Where, however, a trial court fails to answer a motion for articulation or does so incompletely, the appellant should seek a further articulation. . . . When a party is dissatisfied with the trial court's response to a motion for articulation, he [or she] may, and indeed under appropriate circumstances he [or she] must, seek immediate appeal of the rectification memorandum to this court via a motion for review." (Citation omitted; internal quotation marks omitted.) *Connecticut National Bank* v. *Gager*, 66 Conn. App. 797, 800–801, 786 A.2d 501 (2001), aff'd, 263 Conn. 321, 820 A.2d 1004 (2003).

The action before the court was a foreclosure of three mortgages. "Our Supreme Court has held that a judgment of strict foreclosure of a mortgage is separate and distinct from an action on the underlying note. . . . It is well established [however] that the [mortgagee] is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both. A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this State action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit." (Citation omitted; internal quotation marks omitted.) *L & R Realty* v. *Connecticut National Bank*, 53 Conn. App. 524, 549–50, 732 A.2d 181, cert. denied, 250 Conn. 901, 734 A.2d 984 (1999).[5] "If, by an action solely on the note, the owner secures full payment on the debt, his right to enforce the mortgage is gone, or, if he secures payment in part, he can enforce the mortgage only to secure the payment of the balance." *Little* v. *United Investors Corp.*, 157 Conn. 44, 48, 245 A.2d 567 (1968).

"The standard of review of a judgment of foreclosure by sale or by strict foreclosure is whether the trial court abused its discretion." (Internal quotation marks omitted.) *Webster Bank* v. *Flanagan*, 51 Conn. App. 733, 752, 725 A.2d 975 (1999). "A foreclosure action is an equitable proceeding. . . . The determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable

---

[5] In *L & R Realty* v. *Connecticut National Bank*, supra, 53 Conn. App. 549, the appellants claimed that there was insufficient evidence before the trial court to render a judgment of strict foreclosure because the bank did not present the original note, did not prove that it was a holder in due course and was not, therefore, entitled to enforce the note.

presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Citations omitted; internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Conant,* 54 Conn. App. 529, 532, 736 A.2d 928, cert. denied, 251 Conn. 909, 739 A.2d 264 (1999).

I

The defendants' first set of claims is that the court improperly rendered judgment in favor of the plaintiff because (a) the modification agreements were unenforceable, (b) the operative complaint does not refer to enforceable instruments and (c) the action is barred by the statute of limitations. We are unpersuaded. We conclude that the trial court did not abuse its discretion in rendering a judgment of strict foreclosure.

A

The defendants' claim that the modification agreements were unenforceable is premised on their assumption that certain unsigned notes attached to the agreements formed the basis of the court's judgment. There is nothing before us to indicate that the unsigned notes were the basis of the court's judgment. The court's memorandum of decision, in fact, makes no mention of notes attached to the agreements. More compelling, however, is the manner in which the court drafted its memorandum of decision, which leads us to infer that the court found the amount of the debt owing not on the basis of the unsigned notes, but pursuant to the original signed notes. In stating its factual findings, the court identified each of the original notes by date and amount, and parenthetically designated a shorthand reference for each note that it used within the memorandum. When the court made its findings with respect to

the debt owed, it referred to the various notes by the shorthand designation. Although the defendants claim that any action on the original notes is time barred, they do not challenge the form of the notes.

## B

As to the defendants' claim that the operative complaint does not refer to enforceable instruments, we also disagree.

"[T]he interpretation of pleadings is always a question of law for the court . . . ." (Internal quotation marks omitted.) *Grimes* v. *Housing Authority*, 242 Conn. 236, 249, 698 A.2d 302 (1997). "[T]he complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties." (Internal quotation marks omitted.) *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 83, 700 A.2d 655 (1997). "[T]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and *realistically*, rather than narrowly and technically." (Emphasis in original; internal quotation marks omitted.) *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 265 Conn. 79, 104, 828 A.2d 31 (2003). Our review of the trial court's construction of the pleadings is plenary. Id.

The operative complaint sounds in three counts, one for each of the two original notes and the line of credit and their respective mortgage deeds signed by the defendants. The first paragraph of each count contains allegations regarding the note or line of credit, and the second paragraph describes the corresponding mortgage deed. In its prayer for relief in the operative complaint, the plaintiff alleges that it is seeking a strict foreclosure of the mortgages. The defendants do not claim that the mortgage deeds are invalid.

On the basis of our plenary review of the pleadings, we conclude that the court properly determined that the action was an equitable one to foreclose the mortgages and not an action at law on the original notes or line of credit.

## C

The defendants claim that the action is barred by §§ 42a-3-118 and 52-576 (a). We disagree.

First, we note the applicable standard of review. Whether a particular action is barred by the statute of limitations is a question of law to which we apply a plenary standard of review. *Fleet National Bank* v. *Lahm*, 86 Conn. App. 403, 405, 861 A.2d 545 (2004), cert. denied, 273 Conn. 904, 868 A.2d 744 (2005).

The record discloses that in response to the operative complaint, the defendants alleged as a first special defense that the plaintiff's action is barred by the statutes of limitation, but failed to allege the statutory basis on which they were relying. See Practice Book § 10-3 (a) ("[w]hen any claim made in a . . . special defense . . . is grounded on a statute, the statute shall be specifically identified by its number").[6] Furthermore, in their brief, the defendants have failed to call to our attention when, how, which and if their alleged statutes of limitation defense was raised at trial. According to the record, however, on October 30, 2002, the plaintiff filed a

___

[6] "The purpose of this rule, adopted in 1979, is self-evident. . . . It was clearly designed to make future pleadings more specific, detailed and particularly informative by pinpointing statutory authority. Such a rule promotes the often expressed judicial policy of full, informative, comprehensive and open disclosure of legal claims, which promotes the identification, narrowing and resolution of issues before the court. Such a rule improves the efficient movement of the court's business for the convenience and benefit of litigants before it. Its purpose is desirable, but not mandatory. The rule does not expressly or implicitly invalidate a pleading for failure to comply." *Rowe* v. *Godou*, 12 Conn. App. 538, 543–44, 532 A.2d 978 (1987), rev'd on other grounds, 209 Conn. 273, 274, 550 A.2d 1073 (1988).

motion in limine to preclude the defendants from asserting a statute of limitations defense.[7] It does not appear that the court ever ruled on the motion in limine. In its memorandum of decision, the court merely noted that the modification agreement, which the defendants signed, contains a provision that the defendants waived their right to any defenses they might have.

Those issues notwithstanding, the rule in Connecticut, as far back as the early nineteenth century, is that a statute of limitations does not bar a mortgage foreclosure. *Markham* v. *Smith*, 119 Conn. 355, 358, 176 A. 880 (1935). "Repeatedly reaffirmed and generally known, it has taken on the aspect of a rule of property and in all probability many mortgages in this State are now held, after any action upon the debt secured has been barred, in reliance upon it. . . . [T]he rule is in harmony with the accepted principle that the statute of limitations does not destroy the debt but merely bars the remedy." Id., 358–59. "Restatement (Third), [Property, Mortgages] § 1.1, p. 8 [1997] ('[a] mortgage is enforceable whether or not any person is personally liable for that performance')." *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 267, 708 A.2d 1378 (1998). "Because the statute does not speak to the continued existence of the mortgage debt, it does not supersede the bank's continuing access to equitable foreclosure proceedings." Id.

For the foregoing reasons, the plaintiff's mortgage foreclosure action is not barred by the statutes of limitation asserted by the defendants.

II

The defendants' last claim is that the court's award of attorney's fees in this residential mortgage foreclosure

---

[7] In its motion in limine, the plaintiff briefly mentions General Statutes § 42a-3-188, but not General Statutes § 52-576 (a). It is well known that appellate courts do not permit litigants to raise issues on appeal that were not presented in the trial court. See footnote 6.

action was grossly excessive, unwarranted by fact or law, unsupported by the evidence and predicated in part on improperly redacted bills. We are unable to review the claim due to an inadequate record. See, e.g., *Smith* v. *Snyder*, 267 Conn. 456, 467, 839 A.2d 589 (2004).

The defendants do not claim that the plaintiff is not entitled to attorney's fees per se. Attorney's fees may be awarded if they are provided for by contract. *L & R Realty* v. *Connecticut National Bank*, supra, 53 Conn. App. 551. The defendants claim that the court abused its discretion by awarding the plaintiff $155,635.88 in counsel fees. "An award of attorney's fees is not a matter of right. Whether any award is to be made and the amount thereof lie within the discretion of the trial court, which is in the best position to evaluate the particular circumstances of a case. . . . A court has few duties of a more delicate nature than that of fixing counsel fees. The issue grows even more delicate on appeal; we may not alter an award of attorney's fees unless the trial court has clearly abused its discretion, for the trial court is in the best position to evaluate the circumstances of each case." (Citation omitted; internal quotation marks omitted.) *LaMontagne* v. *Musano, Inc.*, 61 Conn. App. 60, 63–64, 762 A.2d 508 (2000).

Here, we know the legal basis that informed the court's award of attorney's fees. We do not know, however, the court's factual findings on which it based its award, other than that it did not consider this action to be within the realm of a usual residential foreclosure, given the heft of the file. We cannot say that that factual finding is clearly erroneous, as the file before us appears to be one foot thick. Because the defendants failed to comply with Practice Book § 66-6, they have not provided us with an adequate record for review of their claim. See footnote 4.

The judgment is affirmed and the case is remanded for the purpose of setting a new law day.

In this opinion the other judges concurred.