*Bank of New York Mellon v. Bell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> > *Circuit Judges,*
> EDWARD R. KORMAN,*
> > *District Judge.*

---

Bank of New York Mellon, as Trustee for
BS ALT A 2005-9,

   *Plaintiff-Counter-Defendant-Appellee,*

     v.                                            15-1010

Sonja Bell, Jonathan Bell a/k/a Johnathan Bell,

---

* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendants-Counter-Claimants-Appellants,*

**Federal Deposit Insurance Corporation,
as Receiver for Amtrust Bank,
Mortgage Electronic Registration
Systems, Inc., as nominee for other
Altara Home Mortgage, LLC,**

   *Defendants.*

_____

**FOR PLAINTIFF-APPELLEE:**                    Geoffrey K. Milne,
                                               McCalla Raymer Leibert
                                               Pierce, LLC, Hartford, CT.


**FOR DEFENDANTS-APPELLANTS:**                 Johnathan Bell, Sonja Bell,
                                               *pro se*, South Glastonbury,
                                               CT.


**AMICUS CURIAE:**                             Susannah L. Weaver,
                                               Donahue, Goldberg &
                                               Weaver, LLP, Washington,
                                               DC.


Appeal from a judgment of the United States District Court for the District of Connecticut (Meyer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Sonja Bell and Johnathan Bell (the "Bells"), *pro se*, appeal a judgment following a bench trial, entered pursuant to Federal Rule of Civil Procedure 54(b), granting strict foreclosure in favor of Appellee Bank of New York Mellon (the "Bank"), as Trustee for BS ALT A 2005-9.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On a judgment after a bench trial, this Court reviews factual findings for clear error and legal conclusions de novo. *See, e.g.*, *Grace v. Corbis-Sygma*, 487 F.3d 113, 118 (2d Cir. 2007).

We conclude that the district court had subject-matter jurisdiction, which was not barred by the prior exclusive jurisdiction doctrine; that the Bank's mortgage foreclosure claim was not barred by any statute of limitations; that the Bank satisfied the conditions precedent to foreclosure; that the right to jury trial was not infringed; and that it was proper to sever the Bells' counterclaims and enter judgment as to foreclosure while other claims remained pending. We affirm for substantially the reasons stated by the district court in its thorough December 18, 2014 and February 24, 2015 decisions.

**1.** The Bells argue that complete diversity of citizenship was absent. However, the district court had federal question jurisdiction because the Federal Deposit Insurance Corporation ("FDIC") was named as a defendant. *See* 12 U.S.C. § 1819(b)(2)(A) (providing that, with inapplicable exceptions, "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States").

**2.** The prior exclusive jurisdiction doctrine does not deprive the Court of jurisdiction. The Bells' request for unspecified equitable relief and "[a]ll such relief as is available" pursuant to the Connecticut Unfair Trade Practices Act is not sufficient to invoke the state court's *in rem* jurisdiction.

**3.** The mortgage foreclosure action was not time-barred under Conn. Gen. Stat. § 52-588. "[A] statute of limitations does not bar a mortgage foreclosure." *FDIC v. Owen*, 873 A.2d 1003, 1008 (Conn. App. 2005).

**4.** There is no dispute that the Bells received the March 11, 2011 default and demand letter, and the district court did not err in finding that the Bells received the notice of forfeiture sent on June 18, 2007. These notices satisfied the disputed conditions precedent to foreclosure notwithstanding technical

3

errors. Substantial compliance with Connecticut mortgage notice provisions is sufficient, and where a defendant has actual notice and is not harmed by a deficient notice, "literal enforcement . . . would serve no purpose." *Fidelity Bank v. Krenisky*, 807 A.2d 968, 977 (Conn. App. 2002).

**5.** The Bells' 7th Amendment right to trial by jury was not offended by the determination of the strict foreclosure claim via bench trial. As the district court concluded, that right is not triggered by the foreclosure/deficiency claim, *see Damsky v. Zavatt*, 289 F.2d 46, 56 (2d Cir. 1961), or by the Bells' counterclaims pursuant to the Connecticut Unfair Trade Practices Act.

**6.** The district court did not err in finding that severance of the Bells' counterclaims was in the interest of justice and judicial economy, particularly given Connecticut's strong policy in favor of expeditious determinations in foreclosure actions. *See* Conn. Gen. Stat. § 52-192 (noting that foreclosures, among other categories of cases, "shall have precedence over all other civil actions in respect to the order of trial"). We also agree that it was appropriate to render judgment as to foreclosure while counterclaims and attorneys' fees claims were pending.

We have considered all of Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4