******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STEPHEN M. TUNICK *v.* BARBARA TUNICK ET AL.
(AC 45085)

Moll, Seeley and Lavine, Js.

*Syllabus*

The plaintiff, who was a remainder beneficiary of a revocable trust, which
included a corpus of, inter alia, antique automobiles, sought damages
from the defendants, his sisters, B and R, and from D, the administrator
of the estate of S, the plaintiff's mother, in connection with the adminis-
tration of the trust. The plaintiff claimed, inter alia, that B and S, who
had been cotrustees of the trust, had breached their fiduciary duties to
him. D and B filed motions to strike the counts that alleged that a contract
had been breached, which the trial court granted, and, thereafter, the
defendants filed separate motions for summary judgment on the ground
that the plaintiff's claims were time barred pursuant to the three year
tort statute of limitations (§ 52-577). While the motions for summary
judgment were pending, the plaintiff filed a revised complaint that added
a count against B sounding in unjust enrichment, alleging that B, by a
continuing course of conduct, breached the trust agreement by, inter
alia, misappropriating and diverting assets, principal and income from
the plaintiff. The trial court granted the motions for summary judgment
filed by R and D, having determined that they met their burden of
showing that the plaintiff's claims were time barred by § 52-577. The
trial court also granted in part the motion for summary judgment filed
by B; the count of unjust enrichment was not adjudicated in that ruling.
The court determined that there was no evidentiary basis for the plain-
tiff's claims that the statute of limitations in § 52-577 was tolled by the
continuous course of conduct doctrine, and it concluded that no genuine
issues of material fact existed as to when the plaintiff's cause accrued
and when his action was commenced. On the plaintiff's prior appeal to
this court, this court affirmed the trial court's granting of summary
judgment in favor of R and D but did not address on the merits the
plaintiff's challenges to the trial court's rendering of summary judgment
in part in favor of B, reasoning that a final judgment as to B was lacking
because the unjust enrichment count of the complaint remained pending.
Thereafter, the trial court granted B's motion to strike the unjust enrich-
ment count on the ground that it was time barred by § 52-577, and the
plaintiff appealed to this court. *Held*:

1. The trial court improperly granted B's motion to strike the unjust enrich-
ment count of the revised complaint on the ground that it was time
barred by § 52-577: a claim of unjust enrichment sounds neither in tort
nor in contract but is an equitable claim for relief, not subject to any
statute of limitations, and, instead, is subject to the equitable doctrine
of laches; moreover, B's argument that § 52-577 applied because the
unjust enrichment claim contained tort like allegations was unsupported
by our jurisprudence.

2. The plaintiff could not prevail on his claim that the trial court improperly
granted B's motion for summary judgment, that court having determined
that no genuine issues of material fact existed as to whether § 52-577
was tolled by the operation of the continuing course of conduct doctrine;
in the present case, B's alleged failure to account for antique automobiles
and unspecified automobile parts did not constitute a continuous series
of events that gave rise to a cumulative injury, and the plaintiff failed
to establish the existence of a genuine issue of material fact as to
whether B committed a continuous breach of the fiduciary duty she
owed to remainder beneficiaries that resulted in an enhanced injury to
the plaintiff.

Argued October 11—officially released December 20, 2022

*Procedural History*

Action for, inter alia, breach of fiduciary duty, and
for other relief, brought to the Superior Court in the
judicial district of Fairfield, where the court, *Truglia*,

*J.*, granted the motions to strike filed by the defendant Richard S. DiPreta et al.; thereafter, the plaintiff filed an amended complaint; subsequently, the court granted in part the motion for summary judgment filed by the named defendant, granted the motions for summary judgment filed by the defendant Roberta G. Tunick et al. and rendered judgment thereon, from which the plaintiff appealed to this court, *Keller*, *Elgo* and *Lavery*, *Js.*; subsequently, the court, *Truglia*, *J.*, denied the plaintiff's motion to open the judgment, and the plaintiff filed an amended appeal to this court, which dismissed the appeal in part and affirmed the judgment in all other respects; thereafter, the court, *Hon. Dale W. Radcliffe*, judge trial referee, granted the named defendant's motions to strike and for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Reversed in part*; *further proceedings*.

*William W. Taylor*, for the appellant (plaintiff).

*Christina M. Volpe*, with whom, on the brief, was *Thomas P. O'Dea, Jr.*, for the appellee (named defendant).

*Opinion*

LAVINE, J. The plaintiff, Stephen M. Tunick, appeals from the judgment of the trial court rendered in favor of the defendant Barbara Tunick.[1] On appeal, the plaintiff contends that the court improperly granted the defendant's (1) motion to strike and (2) motion for summary judgment. We agree with the first claim and disagree with the second claim. Accordingly, we reverse in part and affirm in part the judgment of the trial court.

In *Tunick* v. *Tunick*, 201 Conn. App. 512, 517–22, 242 A.3d 1011 (2020), cert. denied, 336 Conn. 910, 244 A.3d 561 (2021), this court detailed the facts, as gleaned from the pleadings, affidavits, and other proof submitted, viewed in the light most favorable to the plaintiff, which we now summarize. In 1981, David H. Tunick (settlor) established the David H. Tunick revocable trust (trust). Id., 517. The trust corpus included, among other things, antique automobiles. Id. The primary beneficiaries of the trust were the settlor and his wife, Sylvia G. Tunick (Sylvia), and their three children—the plaintiff, the defendant, and Roberta G. Tunick (Roberta)—who were named as remainder beneficiaries. Id. The plaintiff and the defendant initially were appointed as cotrustees of the trust, and, in 1993, the trust was amended to include Sylvia as a third cotrustee. Id. The trust provided in relevant part that Sylvia would become the sole primary beneficiary of the trust upon the settlor's death and that all income and principal of the trust would be used for her benefit. Id. The trust further provided that, upon Sylvia's death, the plaintiff, the defendant, and Roberta would receive equal shares of the remaining trust property. Id. The settlor died in 1997, leaving Sylvia as the sole primary beneficiary of the trust. Id. In 2004, Sylvia and the defendant filed an application with the Probate Court to remove the plaintiff as a trustee. Id. The court removed him as a trustee, ordering that he deliver any property belonging to the trust to the remaining trustees and that the antique automobiles be sold. Id., 517–18. Sylvia and the defendant acted as cotrustees of the trust from July 7, 2004, until June 11, 2013, when the Probate Court issued an order removing them as cotrustees.[2] Id., 518. Sylvia died in 2015, and Richard S. DiPreta was appointed as the administrator of her estate. Id.

The plaintiff thereafter commenced the present action in 2016 and alleged the following in his twelve count second revised complaint: breach of fiduciary duty against the defendant and Sylvia;[3] conversion, civil theft in violation of General Statutes § 52-564, and fraudulent misrepresentation against the defendant, Sylvia, and Roberta; and breach of contract against the defendant. The defendant filed a motion to strike the breach of contract count, arguing that it was legally insufficient as a matter of law because a trust is not a contract. The defendant also filed a motion for summary judgment,

in which she argued that the counts against her alleging breach of fiduciary duty, conversion, civil theft, and fraudulent misrepresentation were time barred pursuant to the three year tort statute of limitations, General Statutes § 52-577.[4] The defendant also argued that she was entitled to summary judgment on the breach of contract count. Roberta and DiPreta filed separate motions for summary judgment and argued that the counts against them were time barred by § 52-577. In his memorandum of law in opposition to the three motions for summary judgment, the plaintiff argued, among other things, that the time limitation in § 52-577 was tolled by a continuing course of conduct.

The court, *Truglia, J.*, granted the defendant's motion to strike the breach of contract count. While the motions for summary judgment were pending, the plaintiff filed a third revised complaint, which, notably, omitted the breach of contract claim against the defendant and added a claim of unjust enrichment in its place. The court, *Truglia, J.*, thereafter, granted the defendant's motion for summary judgment on the counts in the second revised complaint against the defendant alleging breach of fiduciary duty, conversion, civil theft, and fraudulent misrepresentation. In response to a motion for articulation filed by the plaintiff, the court clarified that it had not rendered summary judgment as to the new twelfth count of the third revised complaint, which alleged unjust enrichment. The court granted in full the motions for summary judgment filed by Roberta and DiPreta.

Thereafter, the plaintiff appealed to this court, claiming, among other things, that genuine issues of material fact existed as to whether the claims in his complaint were time barred under § 52-577. *Tunick* v. *Tunick*, supra, 201 Conn. App. 516–17. This court affirmed the trial court's judgment granting the motions for summary judgment filed by Roberta and DiPreta and dismissed the portion of the plaintiff's appeal challenging the trial court's granting in part the defendant's motion for summary judgment. Id., 522–24. In 2021, the plaintiff filed a fifth revised complaint, which alleged, in count twelve, unjust enrichment.[5] The defendant moved to strike the unjust enrichment count of the fifth revised complaint, arguing that it was time barred by § 52-577. The court, *Radcliffe, J.*, granted the motion. Thereafter, pursuant to Practice Book § 10-44, the defendant filed a motion for judgment on the stricken unjust enrichment count, which was the remaining count of the complaint directed to the defendant that was not disposed of by the court's granting of the defendant's motion for summary judgment.[6] The court granted the motion and rendered judgment in favor of the defendant. This appeal followed. Additional facts and procedural history will be set forth as necessary.

I

The plaintiff claims that the court improperly granted the defendant's motion to strike the unjust enrichment count of the fifth revised complaint on the ground that it was time barred by § 52-577. We agree.

In the twelfth count of the fifth revised complaint, the plaintiff alleged that the defendant breached her fiduciary duties under the trust agreement by, among other things, failing to turn over trust assets, and thereby unjustly enriched herself to the detriment of the plaintiff.[7] In granting the motion to strike, the court determined that the three year tort statute of limitations in § 52-577 applied so as to bar the unjust enrichment claim, as it did not allege a contractual dispute but, rather, involved allegations of tortious conduct. "Whether a particular action is barred by the statute of limitations is a question of law to which we apply a plenary standard of review." *Federal Deposit Ins. Corp.* v. *Owen*, 88 Conn. App. 806, 814, 873 A.2d 1003, cert. denied, 275 Conn. 902, 882 A.2d 670 (2005).

Generally, a motion to strike is not the proper procedural vehicle for raising a claim that an action is time barred by the lapse of a statute of limitations. *Forbes* v. *Ballaro*, 31 Conn. App. 235, 239–40, 624 A.2d 389 (1993). In the present case, however, we turn our focus away from procedural concerns to an even more fundamental issue. In *Reclaimant Corp.* v. *Deutsch*, 332 Conn. 590, 211 A.3d 976 (2019), our Supreme Court held that "unjust enrichment is not a legal claim sounding in either tort or contract—it is an equitable claim for relief. As an equitable claim, its timeliness is not subject to a statute of limitations but, rather, to the equitable doctrine of laches." Id., 613; see id. (for purposes of laches, courts in equitable proceedings may look by analogy to statute of limitations but are not obligated to adhere to those limitations). The court concluded that unjust enrichment claims are not barred by the three year limitation period in § 52-577. Id., 614.

We agree with the plaintiff that his claim for unjust enrichment against the defendant is not subject to a statute of limitations. The defendant's argument—that § 52-577 applies because the unjust enrichment count contains tort like allegations of breaches of fiduciary duties—is creative, but unavailing. *Reclaimant Corp.* makes no exception to its holding that unjust enrichment claims are not bound by a statute of limitations. A claim of unjust enrichment, which sounds neither in tort nor in contract, is an equitable claim for relief that is not subject to *any* statute of limitations, including § 52-577. Id., 613–14. Because the unjust enrichment count was not a tort claim and was not time barred by § 52-577, we conclude that the court improperly granted the motion to strike on that basis.

II

The plaintiff next claims that the court improperly

granted the defendant's motion for summary judgment as to the counts of the second revised complaint[8] alleging breach of fiduciary duty, conversion, civil theft, and fraudulent misrepresentation because genuine issues of material fact exist as to whether § 52-577[9] was tolled by the continuing course of conduct doctrine. We disagree.

We begin with the standard of review and relevant legal principles. When reviewing a decision of a trial court to grant a motion for summary judgment, "[t]he facts at issue are those alleged in the pleadings . . . . Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Citation omitted; internal quotation marks omitted.) *Tunick* v. *Tunick*, supra, 201 Conn. App. 532

"The continuing course of conduct doctrine operates to delay the commencement of the running of an otherwise applicable statute of limitations. . . . When presented with a motion for summary judgment under the continuous course of conduct doctrine, [the court] must determine whether there is a genuine issue of material fact with respect to whether the defendant: (1) committed an initial wrong upon the plaintiff; (2) owed a continuing duty to the plaintiff that was related to the alleged original wrong; and (3) continually breached that duty. . . . Although the question of whether a party's claim is barred by the statute of limitations is a question of law, the issue of whether a party engaged in a continuing course of conduct that tolled the running of the statute of limitations is a mixed question of law and fact." (Citations omitted; internal quotation marks omitted.) Id., 535–36.

In ruling on the motions for summary judgment, the trial court determined that the three year limitation period in § 52-577 commenced in 2013 and had expired by the time the plaintiff commenced the action in 2017. In rejecting the plaintiff's argument that the relevant limitation period was tolled under the continuing course of conduct doctrine, the court reasoned in its memorandum of decision that "[t]he gravamen of the plaintiff's complaint is that [the defendant] and [Sylvia's estate] are liable to him for breach of fiduciary duties as trustees. Through a continuing course of conduct, beginning in 1997 and ending in 2013, the plaintiff alleges that [the defendant] and Sylvia, acting alone or together, improperly dissipated trust assets by prematurely distributing funds out of the trust to themselves, thereby

intentionally misappropriating and diverting principle, income and assets that should have passed to him as a remainderman of that trust. He also alleges that [the defendant] and Sylvia engaged in self-dealing and/or intentionally and carelessly handled the trust assets." As to the defendant and Sylvia, who were both trustees and against whom the plaintiff alleged claims for breach of fiduciary duty, conversion, civil theft, and fraudulent misrepresentation, the court stated: "[T]he court agrees that all of the plaintiff's allegations of wrongdoing in the complaint describe conduct by [the defendant, Sylvia, and Roberta] from 1997 to 2013. . . . The plaintiff does not contest [their] assertions that [the defendant] and [Sylvia] ceased acting as trustees in June, 2013. . . . In short, [the defendant, DiPreta and Roberta] have met their preliminary burden of showing that the plaintiff's claims are time barred by the three year statute of limitations under § 52-577. The burden now shifts to the plaintiff to show that genuine issues of material fact exist upon which the trier of fact could conclude that the statute of limitations has been tolled to May 5, 2017, the date of service. . . . [T]he court rejects all the tolling arguments advanced by the plaintiff. . . . The court . . . finds no evidentiary basis for the plaintiff's claims that the statute of limitations is tolled by the continuous course of conduct doctrine . . . ." (Footnote omitted.)

In the plaintiff's previous appeal, this court did not address on the merits the plaintiff's challenge to the trial court's rendering of summary judgment in part in favor of the defendant, reasoning that a final judgment was lacking because the unjust enrichment count of the complaint remained pending.[10] *Tunick* v. *Tunick*, supra, 201 Conn. App. 522–24. In affirming the trial court's granting of the motions for summary judgment filed by Roberta and DiPreta, this court rejected the plaintiff's argument that genuine issues of material fact existed as to whether § 52-577 was tolled by the operation of the continuing course of conduct doctrine. Id., 531–53.

In addressing the plaintiff's claim that the court improperly granted the motion for summary judgment filed by DiPreta as to the claims concerning Sylvia, who, for purposes of the unjust enrichment claim, is situated similarly to the defendant, this court in the previous appeal determined that the trial court properly had determined that the application of the continuing course of conduct doctrine was not warranted. Id., 534–49. This court determined that, because Sylvia had served as a trustee from 1993 to June 11, 2013, she owed a continuing fiduciary duty to the plaintiff, as a remainder beneficiary of the trust, to account for trust assets and that her duty did not end immediately upon her removal as a trustee on June 11, 2013. Id., 537–42. We noted, however, regarding the third prong of the continuing course of conduct doctrine, that the relevant question was "whether the plaintiff has presented an

evidentiary basis to establish a genuine issue of material fact as to whether Sylvia and the estate continually breached the fiduciary duty to account for trust assets following her removal as a trustee in 2013." Id., 542. This court determined that the pleadings contained no specific allegations of a continuing breach of a fiduciary duty after Sylvia's removal as a trustee in June, 2013, except with respect to the issue of antique automobiles and parts, and that "the failure to account for the two antique automobiles and unspecified automobile parts does not constitute a continuous series of events that give rise to a cumulative injury." Id., 548. This court determined that the plaintiff had not established the existence of a genuine issue of material fact regarding whether Sylvia and DiPreta committed a continuous breach of the fiduciary duty owed to remainder beneficiaries that resulted in an enhanced injury to him and concluded that the court properly determined that the application of the continuing course of conduct doctrine was not warranted. Id., 541–49.

In the present appeal, the plaintiff argues that genuine issues of material fact exist as to whether § 52-577 was tolled by the continuing course of conduct doctrine and focuses on the defendant's alleged failure to account for antique automobiles and parts to support his contention. We disagree with the plaintiff and are not persuaded by his argument that the continuing course of conduct doctrine applies as to the defendant because, unlike Sylvia, the defendant "is still alive and has the ability to retain an auto[s] of her choosing . . . ." The alleged injury is the same as to both Sylvia and the defendant. As with Sylvia, the only specific allegations made by the plaintiff of a continuing breach of a fiduciary duty owed to him by the defendant after she ceased being a trustee in June, 2013, concerned the failure to account for antique automobiles and parts. The reasoning stated in *Tunick* for why the trial court properly determined that the continuing course of conduct doctrine did not operate to toll § 52-577 as to Sylvia, applies also to the defendant. As this court reasoned in *Tunick* with respect to Sylvia, we now conclude in the present appeal as to the defendant that the alleged failure to account for antique automobiles and unspecified automobile parts does not constitute a continuous series of events that give rise to a cumulative injury and the plaintiff has not established the existence of a genuine issue of material fact as to whether the defendant committed a continuous breach of the fiduciary duty she owed to remainder beneficiaries that resulted in an enhanced injury to the plaintiff. See *Tunick* v. *Tunick*, supra, 201 Conn. App. 548–49. Accordingly, we conclude that the court properly determined that the application of the continuing course of conduct doctrine was not warranted as to the defendant.

The judgment is reversed only with respect to the granting of the defendant's motion to strike count

twelve of the plaintiff's fifth revised complaint and the case is remanded for further proceedings according to law; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The plaintiff initially commenced this action against his sisters, Barbara Tunick and Roberta G. Tunick (Roberta). Also named as defendants were Richard S. DiPreta, coadministrator of the estate of the plaintiff's mother, Sylvia G. Tunick, who died in 2015, and Edward Axelrod, coadministrator of the estate of Sylvia G. Tunick. Subsequently, the plaintiff withdrew the action as against Axelrod, and the court's rendering of summary judgment in favor of Roberta and DiPreta previously was affirmed by this court. See *Tunick* v. *Tunick*, 201 Conn. App. 512, 517–22, 242 A.3d 1011 (2020), cert. denied, 336 Conn. 910, 244 A.3d 561 (2021). Consequently, Barbara Tunick is the only defendant participating in this appeal. For clarity, in this opinion we refer to Barbara Tunick as the defendant.

[2] The Probate Court appointed Richard J. Margenot as the successor trustee.

[3] The claims concerning Sylvia were brought against DiPreta, in his capacity as administrator of Sylvia's estate, and relate to actions taken by Sylvia as cotrustee of the trust.

[4] General Statutes § 52-577 provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[5] In this complaint, the plaintiff also alleged against the defendant, for purposes of preservation of rights for appellate review, breach of fiduciary duty, conversion, civil theft and misrepresentation/fraud.

[6] Practice Book § 10-44 provides in relevant part: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint, or any count in a complaint, counterclaim or cross complaint has been stricken, and the party whose pleading or a count thereof has been so stricken fails to file a new pleading within that fifteen day period, the judicial authority may, upon motion, enter judgment against said party on said stricken complaint, counterclaim or cross complaint, or count thereof. . . ." See also *Lavette* v. *Stanley Black Decker, Inc.*, 213 Conn. App. 463, 469 n.6, 278 A.3d 1072 (2022) ("As a general rule, [a]fter a court has granted a motion to strike, the plaintiff may either amend his pleading [pursuant to Practice Book § 10-44] or, on the rendering of judgment, file an appeal. . . . The choices are mutually exclusive [as] [t]he filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading." (Internal quotation marks omitted.)).

[7] "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Internal quotation marks omitted.) *Schirmer* v. *Souza*, 126 Conn. App. 759, 763, 12 A.3d 1048 (2011).

[8] A final disposition was rendered on all counts of the underlying complaint by the court's granting of a partial summary judgment as to the defendant on the second revised complaint and by the striking of the unjust enrichment count against the defendant on the fifth revised complaint. See footnote 10 of this opinion. Accordingly, we address in this appeal the plaintiff's claims regarding the court's decisions as to the defendant on both the second revised complaint and fifth revised complaint.

[9] See footnote 4 of this opinion.

[10] In the present appeal, the plaintiff argues that, if we reverse the judgment of the court granting the defendant's motion to strike, then we cannot review his second claim due to the lack of a final judgment. In striking the unjust enrichment count and subsequently rendering judgment thereon, the trial court rendered judgment on the remaining count of the complaint directed to the defendant that was not disposed of by the court's granting of the defendant's motion for summary judgment. See footnote 6 of this opinion. Because there has been a final disposition as to all counts of the underlying complaint, a final judgment exists for purposes of appeal. See *Krausman* v. *Liberty Mutual Ins. Co.*, 195 Conn. App. 682, 687, 227 A.3d 91 (2020) ("an appeal challenging an order issued during the pendency of a civil action ordinarily must wait until there has been a final disposition as to all counts of the underlying complaint").