******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JENNY VELECELA *v.* ALL HABITAT SERVICES, LLC
(SC 19589)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Robinson, Js.*

*Argued April 5—officially released August 9, 2016*

*Kevin E. Dehghani*, for the appellant (plaintiff).

*Michael C. Deakin*, for the appellee (defendant).

*Opinion*

ESPINOSA, J. The plaintiff, Jenny Velecela, appeals from the judgment of the trial court rendering summary judgment in favor of the defendant, All Habitat Services, LLC.[1] The plaintiff contends that the trial court improperly concluded that her claim for bystander emotional distress was barred under General Statutes § 31-284 (a), the exclusivity provision of the Workers' Compensation Act (act), General Statutes § 31-275 et seq.[2] We disagree and affirm the judgment of the trial court.

The record reveals the following relevant facts. The plaintiff's husband, Austin Irwin, was employed by the defendant. On July 16, 2011, during his work shift at the defendant's business, Irwin was repairing an all-terrain vehicle that was elevated on a lift. During the repair, the vehicle suddenly slipped off the lift, crushing and killing him. When the plaintiff arrived at the scene to bring lunch to Irwin, she discovered his body beneath the vehicle. The plaintiff received payment for Irwin's funeral expenses under the defendant's workers' compensation insurance policy and made a claim under that same policy for survivors' benefits. On June 24, 2013, the parties entered into a stipulation approved by the Workers' Compensation Commissioner for the Third District whereby the plaintiff received $300,000 in benefits.

On March 26, 2012, prior to entering into the stipulation, the plaintiff commenced this action against the defendant for negligent infliction of bystander emotional distress. Specifically, the plaintiff claims that she suffered severe emotional injuries as a result of witnessing and discovering Irwin's body. The defendant asserted a special defense that the plaintiff's claim was barred by the exclusivity provision of the act and, thereafter, filed a motion for summary judgment. On the basis of the broad language of the exclusivity provision and the derivative nature of claims for bystander emotional distress, the trial court granted the defendant's motion for summary judgment. This appeal followed.

The standard of review in an appeal from the judgment of a trial court rendering summary judgment is well established. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. . . . When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Desrosiers* v. *Diageo North America, Inc.*, 314 Conn. 773, 781, 105 A.3d 103 (2014).

Whether bystander emotional distress claims that derive from an employee's compensable injuries are barred by § 31-284 (a) is a question that presents an issue of statutory interpretation over which we exercise plenary review, guided by well established principles regarding legislative intent. See *Kasica* v. *Columbia*, 309 Conn. 85, 93, 70 A.3d 1 (2013) (explaining plain meaning rule under General Statutes § 1-2z and setting forth process for ascertaining legislative intent). Particularly relevant to our analysis in the present case is the principle that in our construction of statutes, this court's starting point, when we already have interpreted the statute in question, is our prior construction of that statute. See id., 93–94. "This approach is consistent both with the principle of stare decisis and the principle that our prior decisions interpreting a statute are not treated as extratextual sources for purposes of construing that statute and may be consulted as part of our reading of the statutory text." *Gilmore* v. *Pawn King, Inc.*, 313 Conn. 535, 565, 98 A.3d 808 (2014) (*Espinosa, J.*, dissenting).

As required by § 1-2z we begin with the statutory text. The exclusivity provision of the act is set forth in § 31-284 (a), which provides in relevant part: "All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter . . . ." The language of the exclusivity provision is broad, abolishing "[*a*]*ll rights and claims*" that fall within the purview of the act, including any rights and claims of "representatives *or dependents of such employees* . . . ." (Emphasis added.) General Statutes § 31-284 (a). This court has stated that the broad language of the act "manifests a legislative policy decision that a limitation on remedies under tort law is an appropriate trade-off for the benefits provided by workers' compensation." *Driscoll* v. *General Nutrition Corp.*, 252 Conn. 215, 220–21, 752 A.2d 1069 (2000). "Substantively, it is an essential part of the workers' compensation bargain that an employee, even one who has suffered . . . offensive injury, relinquishes his or her potentially large common-law tort damages in exchange for relatively quick and certain compensation." Id., 227.

In the present case, we consider whether a bystander emotional distress claim "*aris*[*es*] *out of*" the personal injury and death of an employee sustained in the course of employment as that phrase is used in § 31-284 (a).[3] (Emphasis added.) Although this court has not interpreted the phrase "arising out of personal injury or death" in § 31-284 (a), we find instructive this court's decisions interpreting the meaning of the term "arising out of" in the context of the phrase "arising out of and in the

course of his employment" in § 31-284 (a). As this court previously has stated, "[t]he term *arising out of*, in this [a]ct, points to the origin or cause of the injury. . . . It presupposes a causal connection . . . ." (Citation omitted; emphasis added; internal quotation marks omitted.) *Larke* v. *John Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 322, 97 A. 320 (1916). Arise is defined as "[t]o result, issue, or proceed." American Heritage College Dictionary (4th Ed. 2002). A right or claim, therefore, can be said to arise out of personal injury or death when there is a causal connection between a compensable personal injury or death and the right or claim. Put another way, a right or claim arises out of the personal injury or death if the existence of the right or claim results from the personal injury or death.

This court previously has held that "bystander emotional distress derives from bodily injury to another . . . ." *Galgano* v. *Metropolitan Property & Casualty Ins. Co.*, 267 Conn. 512, 521, 838 A.2d 993 (2004). "[B]ecause emotional distress, by itself, is not a bodily injury, it can be compensable only if it flows from the bodily injury of another person." Id., 523. This is because "but for the bodily injury to [another], the plaintiff would not . . . [suffer] any emotional injuries. In other words, the plaintiff's injuries are the natural and probable consequence of . . . having witnessed the accident . . . . Therefore, the measure of the plaintiff's recovery is not governed by the fact that his separate damages arose out of the same accident, but by the fact that they *arose out of* the same bodily injury . . . ." (Emphasis added.) Id., 520. Given the but-for relationship between the underlying injury and the derivative injury of bystander emotional distress, the bystander's emotional distress is causally connected to the underlying injury. Bystander emotional distress, therefore, by its very nature, results from and arises out of the underlying personal injury or death. When that personal injury or death is one that is compensable under the act, an action in tort for negligent infliction of bystander emotional distress is barred by the exclusivity provision of § 31-284 (a).

In the present case, it is undisputed that Irwin's bodily injuries and death arose out of and in the course of his employment and were compensable under the act, and the plaintiff's alleged emotional injuries derived from and were caused by those injuries and death. Accordingly, her injuries "[arose] out of [Irwin's] personal injury [and] death sustained in the course of employment . . . ." General Statutes § 31-284 (a). Because the act applies to the parties in this case, and there is a causal link between the plaintiff's claim for bystander emotional distress and a compensable injury, the plaintiff's claim is barred. Accordingly, the trial court properly rendered summary judgment in favor of the defendant.[4]

We are not persuaded by the plaintiff's alternative argument, in which she contends that negligent infliction of bystander emotional distress is not compensable under the act, and, therefore, cannot be barred by its exclusivity provision. The plaintiff's claim fails in light of the " 'sweeping language' " of the exclusivity provision. *Lynn* v. *Haybuster Mfg.*, *Inc.*, 226 Conn. 282, 298, 627 A.2d 1288 (1993). As we explained in *Lynn*, the language of the exclusivity provision is "clear and unambiguous in its exclusion or abolition of claims and rights between employer and employees . . . [and] dependents . . . arising out of personal injury or death sustained in the course of employment." (Internal quotation marks omitted.) Id. Specifically, in *Lynn*, we observed that the legislature's abrogation of the employee's common-law right of action had the effect of barring derivative actions brought by dependents of that employee. Id. Accordingly, a claim for negligent infliction of bystander emotional distress that arises out of an employee's compensable injury or death is barred by the exclusivity provision of the act, regardless of the compensability of the bystander emotional distress claim.

Finally, we observe that the plaintiff's reliance on *Perodeau* v. *Hartford*, 259 Conn. 729, 745, 792 A.2d 752 (2002), is misplaced. The plaintiff claims that *Perodeau* stands for the proposition that if an injury is not compensable under the act, then the exclusivity provision does not bar an action in tort for that injury. In *Perodeau*, however, the injury suffered by the plaintiff that was not compensable under the act was not derivative in nature. Id., 744–45. That case, therefore, is inapposite.

The judgment is affirmed.

In this opinion ROGERS, C. J., and PALMER, ZARELLA, McDONALD and ROBINSON, Js., concurred.

* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Rogers and Justices Palmer, Zarella, Eveleigh, McDonald, Espinosa and Robinson. Although Justice Eveleigh was not present when the case was argued before the court, he has read the briefs and appendices, and listened to a recording of the oral argument prior to participating in this decision.

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] We observe that although the plaintiff has conceded that there are no disputed facts in the present case, she also claims that there exists a question of material fact as to whether her claim is barred by the exclusivity provision of the act. The question of whether a claim for bystander emotional distress brought by a survivor is statutorily barred, however, is an issue of law, not fact. Accordingly, we treat the plaintiff's brief as expressly claiming that she is entitled to judgment as a matter of law.

[3] The plaintiff argues that "[t]he fact that the bystander emotional distress claim arises out of a [workers'] compensation claim should not be the operating factor in deciding whether or not the claim is a viable one." Given the clear statutory language, and this court's previous construction of the act, the plaintiff's argument is meritless. See, e.g., *Driscoll* v. *General Nutrition Corp.*, supra, 252 Conn. 226 (explaining that plaintiff's emotional distress arose from or was caused by physical injury and thus triggered exclusivity provision of act).

[4] The plaintiff also argues that the trial court improperly permitted the

defendant to utilize a motion for summary judgment, suggesting instead that the defendant "should have addressed this issue via a motion to strike." As this court has explained, "[a] motion to strike challenges the legal sufficiency of a pleading . . . ." (Internal quotation marks omitted.) *Larobina* v. *McDonald*, 274 Conn. 394, 400, 876 A.2d 522 (2005). Because there was no challenge to the legal sufficiency of the plaintiff's claim of negligent infliction of bystander emotional distress, we find this argument to lack merit.

———————————————