******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ESPINOSA, J., with whom VERTEFEUILLE, J., joins, dissenting. I disagree with the majority that General Statutes § 18-98d is ambiguous. Section 18-98d (a) (1) (A) plainly and unambiguously provides that the respondent, the Commissioner of Correction, shall count each day of presentence confinement "*only once* for the purpose of reducing all sentences imposed after such presentence confinement . . . ." (Emphasis added.) At the time that the petitioner, Latone James, was sentenced following his conviction of felony murder, the respondent already had given him credit for his 651 days of presentence confinement. Nothing in the language of § 18-98d required the respondent to transfer the credit for that presentence confinement to the petitioner's sentence for felony murder, and the petitioner points to no such language. I also disagree with the majority that the plain language of § 18-98d (a) (1) (B), which expressly is inapplicable to provide the petitioner with *presentence* confinement credit for a period of imprisonment that he served *after he was already a sentenced prisoner*, is unconstitutional as applied to the petitioner. The sole authority on which the majority relies for its conclusion that the plain and unambiguous language of § 18-98d (a) (1) (B) violates the petitioner's right to substantive due process, *Boyd* v. *Lantz*, 487 F. Supp. 2d 3 (D. Conn. 2007), is inapposite. Accordingly, I respectfully dissent.

Because I do not dispute the majority's summary of the applicable facts, I need not repeat them in this dissent. At issue are two periods of confinement for which the petitioner seeks credit toward his fifty year sentence for felony murder: (1) the 651 days during which the petitioner was confined prior to being sentenced to twenty years incarceration for his conviction of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2); and, (2) the 973 days of imprisonment that the petitioner had served of that twenty year sentence, prior to the date of his sentencing to fifty years incarceration for his conviction of felony murder in violation of General Statutes § 53a-54c. I address each period of confinement in turn.

The respondent interpreted § 18-98d to preclude the application of the petitioner's 651 days of presentence confinement to his sentence for felony murder because those days had already been applied to reduce his sentence on his conviction of robbery. The plain and unambiguous language of § 18-98d supports the respondent's decision. Section 18-98d (a) (1) (A) provides in relevant part: "Any person who is confined to a community correctional center or a correctional institution . . . under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently

imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided . . . each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement . . . ."

The key statutory language at issue is the phrase "each day . . . shall be counted only once for the purpose of reducing all sentences imposed . . . ." General Statutes § 18-98d (a) (1) (A). The plain meaning of this statutory language is that any person who is sentenced will receive one, and only one, credit for any presentence confinement—not one credit for "each" sentence, but one credit for "all" sentences. The provision in General Statutes § 53a-38 (b) (1), that concurrent sentences merge "and are satisfied by discharge of the term which has the longest term to run," does not inject any ambiguity into the meaning of "all sentences." Because this court previously has interpreted precisely these two phrases, when reading these two statutes together, we do not now interpret this statutory language on a clean slate. It is well established that, "in our construction of statutes, this court's starting point, when we already have interpreted the statute in question, is our prior construction of that statute. . . . This approach is consistent both with the principle of stare decisis and the principle that our prior decisions interpreting a statute are not treated as extratextual sources for purposes of construing that statute and may be consulted as part of our reading of the statutory text." (Citation omitted; internal quotation marks omitted.) *Velecela* v. *All Habitat Services, LLC*, 322 Conn. 335, 338, 141 A.3d 778 (2016).

In *Harris* v. *Commissioner of Correction*, 271 Conn. 808, 823, 860 A.2d 715 (2004), this court construed the language of § 18-98d (a) (1) (A), holding that "when concurrent sentences are imposed on different dates, the presentence confinement days accrued simultaneously on more than one docket are utilized fully on the date that they are applied to the first sentence. Hence, they cannot be counted a second time to accelerate the discharge date of any subsequent sentence without violating the language of § 18-98d (a) (1) (A)." As to the interplay between § 18-98d (a) (1) (A) and § 53a-38 (b) (1), the court in *Harris* observed that "[t]he merger process does not alter the fact that concurrent sentences remain separate terms of imprisonment which the legislature has permitted to be served at one time." (Internal quotation marks omitted.) Id., 819. Pursuant to our prior interpretation of § 18-98d (a) (1) (A) in *Harris*, therefore, the plain language of the statute *precludes* the application of presentence confinement credit that has been applied to one sentence to any

subsequent sentence, even if that subsequent sentence is to run concurrently with the first sentence. Although *Harris* involved concurrent sentences on more than one docket, nothing in the opinion suggested that the meaning of § 18-98d (a) (1) (A), read together with § 53a-38 (b) (1), would somehow be different when the concurrent sentences that were imposed on different dates shared the same docket number. Accordingly, pursuant to the plain language of § 18-98d (a) (1) (A), I would hold that the 651 days of presentence confinement that the respondent had applied to the petitioner's sentence for robbery was unavailable to be applied to the sentence for felony murder.

As to the 973 days during which the petitioner was confined following his sentencing for his robbery conviction, the statutory language could not be more clear. Section 18-98d (a) (1) (B) provides in relevant part: "[T]he provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for such person's presentence confinement, except that if a person is serving a term of imprisonment at the same time such person is in presentence confinement on another charge and the conviction for such imprisonment is reversed on appeal, such person shall be entitled, in any sentence subsequently imposed, to a reduction based on such presentence confinement in accordance with the provisions of this section. . . ." It is undisputed that the petitioner was serving his sentence for robbery during the 973 days for which he now seeks credit toward his sentence for felony murder. The plain language of § 18-98d (a) (1) (B) makes it clear that the statute does not apply in this context. The inclusion of an exception for imprisonment time that has resulted from a conviction that is reversed on appeal, and the absence of any such exception for an unsuccessful attempt to prohibit the state from reprosecuting a charge that has resulted in a mistrial, makes the language even more clear. If the legislature had intended to make an exception for circumstances such as those in the present case, it could have done so, but it did not.

The majority concludes that, notwithstanding the plain language of the statute, it is necessary to place a judicial gloss on § 18-98d (a) (1) (B) in order to render it constitutional. Specifically, the majority relies on *Boyd* v. *Lantz*, supra, 487 F. Supp. 2d 5–6, 13, for the proposition that, because the petitioner had raised a double jeopardy challenge to the state's reprosecution of the felony murder charge, the failure to apply a portion of the 973 days of imprisonment on the robbery sentence to his felony murder sentence unconstitutionally penalizes him for exercising his double jeopardy rights. Significantly, in *Boyd*, the United States District Court for the District of Connecticut held only that § 18-98d (a) (1) (B) was unconstitutional *as applied* to the

petitioner in that federal habeas action. Boyd had been convicted of burglary, larceny and felony murder. Id., 5. On appeal to this court, his felony murder conviction was vacated; *State* v. *Boyd*, 214 Conn. 132, 570 A.2d 1125 (1990); but he remained incarcerated on the burglary and larceny convictions. *Boyd* v. *Lantz*, supra, 5. The state then brought a new felony murder charge against him, which he unsuccessfully challenged on double jeopardy grounds. Id. Ultimately, he pleaded guilty to felony murder, and was sentenced to twenty-five years incarceration on that conviction. Id., 6. The respondent did not give Boyd credit for the period of his confinement that fell between the day after his first felony murder conviction was vacated and the day that he finished serving his sentences for burglary and larceny. Id. The District Court held that because "the application of [§ 18-98d] to a defendant in Boyd's position will result in a substantially longer period of incarceration should the defendant choose to exercise his double jeopardy rights . . . the statute, as applied in this *narrow factual context*, burdens such a defendant's fundamental due process right to challenge his reprosecution." (Emphasis added; footnote omitted.) Id., 11. The facts of the present case are distinguishable. Whereas Boyd's conviction of felony murder had been vacated following a successful appeal, there was no conviction in the present case. Instead, the state sought to reprosecute following a mistrial on the felony murder charge. Accordingly, the facts of the present case are distinguishable from *Boyd* v. *Lantz*, supra, 3, and that case is inapplicable.

Accordingly, I respectfully dissent.

———————————————