******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# MAGEE AVENUE, LLC *v.* LIMA CERAMIC TILE, LLC, ET AL.
## (AC 39847)

DiPentima, C. J., and Moll and Lavery, Js.

*Syllabus*

The plaintiff brought this action against the defendants, M and L Co., to recover unpaid rent, alleging claims for breach of contract and unjust enrichment. The defendants filed a motion for summary judgment and, one day before a hearing on that motion, they filed a copy of a lease agreement and an affidavit from M. The trial court granted the motion for summary judgment as to M and rendered judgment thereon, finding that M did not enter into an agreement with the plaintiff in his individual capacity but did so only as L Co.'s managing member. On appeal to this court, the plaintiff claimed, inter alia, that the trial court improperly rendered summary judgment as to M because M's affidavit was untimely and insufficient, and that the court improperly permitted and considered M's testimony during the hearing. *Held*:

1. Although the trial court incorrectly stated that the complaint was "stricken" as to M, the record demonstrated that the court rendered summary judgment in favor of M on all three counts, and, therefore, the plaintiff appealed from a final judgment.

2. The trial court improperly rendered summary judgment in favor of M; given that, under the applicable rule of practice ([2016] § 17-45) at the time of hearing, the plaintiff was required to file its evidence in opposition to the motion for summary judgment at least five days before the hearing on the motion, M should not have been allowed to file his initial affidavit in support of his motion one day before the hearing, which affected the plaintiff's ability to respond to M's factual assertions with supporting documents, and, therefore, M's affidavit was untimely and should not have been considered by the trial court.

3. The trial court improperly permitted and considered M's live testimony regarding the contents of his affidavit and his personal knowledge of it during the hearing on the motion for summary judgment; that court's consideration of M's testimony necessarily required it to make credibility determinations and factual findings, which created genuine issues of material fact that made summary judgment improper.

4. The trial court improperly rendered summary judgment in favor of M on the count alleging unjust enrichment; because the written motion for summary judgment was directed to the two breach of contract counts only, and because M never moved for summary judgment on the unjust enrichment count, nor did the defendants' counsel ever ask that the unjust enrichment count be included in the motion, the trial court was not free to render summary judgment on that count sua sponte.

Argued May 21—officially released July 24, 2018

*Procedural History*

Action to recover unpaid rent, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, Housing Session at Norwalk, where the court, *Rodriguez, J.*, granted the defendants' motion for summary judgment as to the defendant Moufid Makhraz and rendered judgment thereon; thereafter, the court denied the plaintiff's motion to reargue, and the plaintiff appealed to this court. *Reversed*; *further proceedings*.

*Richard J. Rapice*, with whom, on the brief, were *Peter V. Lathouris* and *Conor J. McLaughlin*, certified legal intern, for the appellant (plaintiff).

*Raymond W. Ganim*, for the appellee (defendant Moufid Makhraz).

*Opinion*

LAVERY, J. The plaintiff, Magee Avenue, LLC, appeals from the judgment of the trial court rendering summary judgment in favor of the defendant, Moufid Makhraz,[1] on the plaintiff's complaint alleging two counts of breach of contract and one count of unjust enrichment. On appeal, the plaintiff claims that the trial court improperly (1) rendered summary judgment because the defendant's affidavit in support of the defendants' motion for summary judgment was untimely and insufficient; (2) permitted and considered the defendant's testimony during the hearing on the motion; and (3) permitted the defendant to amend orally his motion for summary judgment to include all counts when the written motion only sought relief from the two counts of breach of contract. We agree with the plaintiff's claims and reverse the judgment.

The following facts, as alleged in the complaint, and procedural history are relevant to our decision. On December 7, 2011, the plaintiff and the defendants entered into a month-to-month lease for the defendants to rent 46-50 Magee Avenue in Stamford. Per the terms of the lease agreement, the defendants were to pay $3500 per month. The defendants failed to make timely rental payments. The defendants also were required to keep the premises clean, sanitary, and in good condition, and to return the premises to the plaintiff in a condition "identical" to that which existed when they took possession, except for ordinary wear and tear. The defendants were required to reimburse the plaintiff for the cost of any repairs resulting from damage to the premises through misuse or negligence. The defendants, however, caused damage to many parts of the premises but did not pay for the damage.

On February 23, 2016, the plaintiff filed a complaint against the defendants. In its three count amended complaint dated June 1, 2016, the plaintiff claimed that the defendants breached the lease agreement by failing to pay the full amount of rent and late fees and by damaging the premises and failing to pay for the damage and cost of collection, and that the defendants were unjustly enriched by failing to pay for the use and occupancy of the premises or for the damage the defendants caused to the premises. On July 26, 2016, the defendants filed a motion for summary judgment, claiming that "no contractual relationship existed between the [p]laintiff and the [d]efendants in this action." Specifically, the defendants argued in their memorandum of law in support of their motion for summary judgment that the contract at issue did not involve either defendant because the tenant in the contract was identified as "Lima Tile, Inc." The defendants therefore argued that there was no written agreement between the plaintiff and either defendant. The plaintiff objected to the motion, claiming that the motion was inadequate, per Practice Book

§ 17-45, because no supporting documents were attached to the motion. The plaintiff also claimed that the identification of "Lima Tile, Inc." was a scrivener's error and that the defendants had ratified the agreement. Attached to the plaintiff's objection was an affidavit from the plaintiff's principal explaining that he searched the secretary of the state's online records for "Lima Tile, Inc.," but could find only "Lima Ceramic Tile, LLC." Appended to the affidavit were screen shots from his web search, as well as a copy of a check made out to the plaintiff from Lima, which was signed by the defendant.

A hearing on the motion for summary judgment was scheduled for October 4, 2016. The day before the hearing, the defendants filed a copy of the lease agreement and the defendant's affidavit. In the affidavit, the defendant stated that he signed the lease agreement as Lima's manager and did not rent the property individually or personally. At the hearing the next day, the defendants agreed that Lima would remain in the case but pressed the motion for summary judgment as to the defendant. The plaintiff argued that the defendant should remain in the case also, as it would seek to pierce the corporate veil, if necessary. The plaintiff asked the court to consider that the defendants had filed their affidavit only the day before, which affidavit the plaintiff claimed was insufficient and unsupported. When the plaintiff objected on the basis that the affidavit did not include a statement that it was made on personal knowledge, the defendants' counsel offered for the court to hear the defendant's testimony. Over the plaintiff's objection, the court heard the defendant's testimony, in which he claimed to have rented the premises as Lima's managing member and not for his own personal use, and that he had personal knowledge as to his testimony. After the defendant's testimony, the plaintiff again objected, noting that the briefs did not ask for testimony and that, because the rules of practice call for documentary evidence to support a motion for summary judgment, the mere fact that the defendant had to testify meant that there was a factual issue in dispute.

In a memorandum of decision filed on October 4, 2016, the trial court found that the defendant did not enter into an agreement with the plaintiff in his individual capacity, but only as Lima's managing member, and it stated that the complaint was "stricken" as to the defendant. The plaintiff filed a motion to reargue, which the court denied.[2] This appeal followed. Additional facts will be set forth as needed.

On appeal, the plaintiff claims that the trial court improperly rendered summary judgment because the defendant's affidavit in support of his motion was untimely and insufficient, permitted and considered the defendant's testimony during the hearing on the motion, and permitted the defendant to amend orally his motion

for summary judgment to include judgment on all counts when the written motion only sought relief from the two counts of breach of contract.

"Our review of the trial court's summary judgment rulings is plenary . . . and the general principles governing those rulings are well established. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Citation omitted; internal quotation marks omitted.) *Doe* v. *West Hartford*, 328 Conn. 172, 191–92, 177 A.3d 1128 (2018).

I

Before we address the merits of the plaintiff's claims, we must consider whether this appeal was taken from a final judgment. Although the defendants moved for summary judgment on the first two counts only, the trial court's memorandum of decision on the motion stated that "[t]he complaint is *stricken* as to [the defendant]." (Emphasis added.) We, therefore, must determine whether the court rendered summary judgment or whether it struck the complaint as to the defendant without rendering judgment.

"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) *Raudat* v. *Leary*, 88 Conn. App. 44, 48, 868 A.2d 120 (2005).

"[C]ertain basic principles . . . distinguish the procedural devices of a motion for summary judgment and a motion to strike. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The

party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . .

"In contrast, a motion to strike, pursuant to Practice Book § 10-39 (a), shall be used whenever any party wishes to contest . . . the legal sufficiency of the allegations of any . . . [claim] . . . to state a claim upon which relief can be granted . . . ." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Bank of New York Mellon* v. *Mauro*, 177 Conn. App. 295, 314–15, 172 A.3d 303, cert. denied, 327 Conn. 986, 175 A.3d 45 (2017).[3]

Here, we are not asked to treat a motion for summary judgment as a motion to strike, but to treat the court's use of the word "stricken" to mean that it intended to render summary judgment in favor of the defendant. The defendant moved for summary judgment, and the trial court noted that the memorandum of decision pertained to the defendant's motion for summary judgment; however, the trial court's memorandum of decision inexplicably stated that it was striking the complaint as to the defendant, and the court denied reargument when presented with this conundrum.

In its complaint, the plaintiff alleged that the defendant breached the lease agreement and was unjustly enriched. Whether the defendant was a party to the agreement is a factual question, and not a question of whether the complaint was legally sufficient to state a claim for relief. See *Sandella* v. *Dick Corp.*, 53 Conn. App. 213, 222, 729 A.2d 813, cert. denied, 249 Conn. 926, 733 A.2d 849 (1999). There was no challenge to the legal sufficiency of the complaint; therefore, a motion to strike would not have been an appropriate vehicle for relief. See *Velecela* v. *All Habitat Services, LLC*, 322 Conn. 335, 341 n.4, 141 A.3d 778 (2016).

Although the court's use of the language "[t]he complaint is stricken" was incorrect, we nonetheless construe the decision as rendering summary judgment in favor of the defendant on all three counts. Simply put, the court was not asked to strike the complaint; it was asked to render judgment in favor of the defendant. "Although it is preferable for a trial court to make a formal ruling on each count, we will not elevate form over substance when it is apparent from the memorandum of decision [what] the trial court [did]." *Normand Josef Enterprises, Inc.* v. *Connecticut National Bank*, 230 Conn. 486, 488 n.1, 646 A.2d 1289 (1994); *Raudat* v. *Leary*, supra, 88 Conn. App. 49; see also *Meribear Productions, Inc.* v. *Frank*, 328 Conn. 709, 718, 183 A.3d 1164 (2018) (reviewing court looks to complaint and memorandum of decision to determine whether trial

court explicitly *or implicitly* disposed of each count). Given these circumstances, and cognizant that every presumption favoring jurisdiction should be indulged, we conclude that the court rendered summary judgment for the defendant on all counts; therefore, the plaintiff appealed from a final judgment, and we address the merits of its claims.

## II

The plaintiff first claims that the trial court improperly rendered summary judgment because the defendant's affidavit in support of his motion was untimely and insufficient. Specifically, the plaintiff argues that the defendant's affidavit was (1) untimely and should not have been considered as valid evidence, (2) self-serving hearsay and insufficient support for the motion, and (3) insufficient to determine that there were no genuine issues of material fact regarding the plaintiff's claim of unjust enrichment. We agree with the plaintiff that the defendant's affidavit was untimely and should not have been considered.

Practice Book (2016) § 17-45 provided, in relevant part, that "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits . . . . The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion *and the supporting materials*, unless the judicial authority otherwise directs. . . . Any adverse party shall *at least five days* before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence."[4] (Emphasis added).

"In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book [§ 17-45] . . . ." (Internal quotation marks omitted.) *State Farm Fire & Casualty Co.*

v. *Tully*, 322 Conn. 566, 573, 142 A.3d 1079 (2016).

If mere assertions of fact are insufficient to establish the existence of a material fact, then they are insufficient to establish the *lack* of an existence of material fact in the face of opposing evidence.[5] In essence, the plaintiff here was required to respond to mere factual assertions with its own supporting affidavits and documentation before the defendant presented his evidence in support of those assertions in the first place. Considering that, under the rules of practice at the time of the hearing, an adverse party was required to file its evidence in opposition to a motion for summary judgment at least five days before the hearing on the motion, we fail to see how the defendant here should have been permitted to file his initial affidavit in support of the motion one day before the hearing. The defendant's affidavit therefore was untimely and should not have been considered by the trial court.[6] Therefore, because the trial court should not have considered the defendant's affidavit, the court improperly rendered summary judgment in favor of the defendant.

### III

The plaintiff next claims that the trial court improperly permitted and considered the defendant's live testimony during the hearing on the motion for summary judgment.[7] We agree.

"The fundamental purpose of summary judgment is preventing unnecessary trials. . . . If evidentiary presentations and testimony were to be permitted, the intent to reduce litigation costs by way of the summary judgment procedure would be undermined, and there may as well be a trial on the merits." (Citation omitted; internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Henderson*, 175 Conn. App. 474, 487, 167 A.3d 1065 (2017). "A summary judgment should be summary; that is, made in a prompt, simple manner without a full-scale trial. The opposition to such a motion may include the filing of affidavits or other documentary evidence; Practice Book § 17-45; but does not include the live testimony of any witnesses." *Braca* v. *Utzler*, 134 Conn. App. 460, 463 n.4, 38 A.3d 1249 (2012).

Here, it is undisputed that the defendant testified regarding the contents of his affidavit and his personal knowledge of it. The court's consideration of this testimony necessarily required it to make credibility determinations and factual findings, a reality supported by the court's memorandum of decision, in which it stated that "the court *finds* [that] the defendant . . . did not enter into an agreement with the plaintiff . . . in his individual capacity but only as the managing member of . . . Lima Ceramic Tile, LLC." (Emphasis added.) Because the court made credibility determinations, there were axiomatically genuine issues of material fact, and summary judgment therefore was improper.

## IV

The plaintiff finally claims that the trial court improperly permitted the defendant to orally amend his motion for summary judgment to include judgment on all counts when the written motion was directed only to the two counts of breach of contract. We agree that the court improperly adjudicated the third count.

The defendants' written motion sought summary judgment on both breach of contract counts against both defendants on the basis that neither defendant was a party to the contract. At the hearing on the motion, the defendants withdrew their motion as to Lima. The plaintiff takes exception to the trial court's rendering of summary judgment as to the defendant on *all* counts. The only discussion about the addition of the third count alleging unjust enrichment occurred when the defendants' counsel alerted the court that they were withdrawing their motion as to Lima. The following colloquy took place:

"The Court: [Defendants' counsel], on your motion for summary judgment, did you wish to add anything that's not in the pleadings on the record, because if you don't, that's okay. I'll take the papers once I address [the plaintiff's counsel].

"[The Defendants' Counsel]: What I would address, Your Honor, is that for purposes of today, we've agreed that Lima Ceramic Tile . . . could remain as a defendant in this matter. We're not going to pursue that. But to the extent that they're suing [the defendant] in his individual capacity based on this lease, we would ask for summary judgment, and there's an affidavit attached, and I have nothing else to add.

"The Court: All right. I haven't really examined the pleadings in this case yet. . . . Is there a count addressing [the defendant] as an individual defendant?

"[The Defendants' Counsel]: Your Honor, it appears that all three of the counts reference him as a defendant.

"The Court: All right.

"[The Defendants' Counsel]: So the first count as I'm reading it is a nonpayment of rent count. The second count appears to be a count claiming damages to the property, and the third count is an unjust enrichment as well as a damage claim.

"The Court: All right. But is [the defendant] named as a defendant in each of those counts?

"[The Defendants' Counsel]: Yes, Your Honor.

"The Court: All right. And the agreement between yourself and [the plaintiff's counsel] is that Lima Ceramic Tile remain as the defendant?

"[The Defendants' Counsel]: Well, I've offered that. That hadn't been accepted yet, but that was the offer

that I extended this morning, that Lima could remain in but that [the defendant] should not be part of this in an individual capacity.

"The Court: All right. [Plaintiff's counsel]?

"[The Plaintiff's Counsel]: Yes, Your Honor. We would contend that both parties are to remain. If you look closely at the month-to-month lease agreement, it is signed by [the defendant], but there's no indication whether he's signing as manager or otherwise. We would also indicate that we fully intend to pierce the corporate veil should we need to. We have no idea where the assets remain on this matter, and so we would ask that [the defendant] remain as a defendant as well in this matter.

"The Court: All right. Those are your claims. Is there anything that you want to argue in support of your claims that is not in the pleadings? That's basically what I'm asking the two of you. . . .

"[The Defendants' Counsel]: No, Your Honor."

The unjust enrichment count otherwise was not discussed. In its memorandum of decision, the trial court rendered summary judgment as to all three counts in favor of the defendant.

Perhaps most importantly, the defendant never moved for summary judgment on the unjust enrichment claim. The discussion between the trial court and counsel merely addressed that the unjust enrichment count was in the complaint, but nowhere does the defendants' counsel specifically ask that the count be included in the motion. In fact, when the court asked if there was anything that counsel wanted to argue in support of their claims that was not in the pleadings, the defendants' counsel said *no*.

"[A] court may not grant summary judgment sua sponte, and . . . pursuant to Practice Book § [17-44], a person seeking summary judgment . . . must file an appropriate motion addressed to it." *Hope's Architectural Products, Inc.* v. *Fox Steel Co.*, 44 Conn. App. 759, 762–63 n.4, 692 A.2d 829, cert. denied, 241 Conn. 915, 696 A.2d 985 (1997); see also *Mamudovski* v. *BIC Corp.*, 78 Conn. App. 715, 726, 829 A.2d 47 (2003) ("[b]ecause the court bypassed the procedural requirements of Practice Book §§ 17-44 and 17-45, and did not receive a knowing waiver of those requirements from the plaintiff, it was an abuse of discretion for the court to rule on the defendant's oral motion for summary judgment"), appeal dismissed, 271 Conn. 297, 857 A.2d 328 (2004).

Here, because the defendant did not move for summary judgment on the unjust enrichment count, the trial court was not free to render summary judgment on that count sua sponte.[8] Therefore, it was improper for the court to render summary judgment for the defendant on the unjust enrichment claim.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

[1] Makhraz and Lima Ceramic Tile, LLC, were named as defendants. This appeal pertains to the court's rendering of summary judgment in favor of Makhraz alone. For clarity, we will refer to Makhraz as the defendant, the parties collectively as the defendants, and Lima Ceramic Tile, LLC, as Lima.

[2] In his motion to reargue, the plaintiff argued that the defendants introduced no admissible evidence to sustain their burden, that the court improperly considered the defendant's live testimony, that the court improperly ruled that "[t]he complaint is stricken" in a decision on a motion for summary judgment, that the court improperly considered summary judgment on the unjust enrichment count sua sponte when the defendants never sought such relief, and that the court did not address specific arguments with respect to certain material facts raised by the plaintiff. (Emphasis omitted.)

[3] Practice Book § 61-3 provides in relevant part that "[a] judgment disposing of only a part of a complaint . . . is a final judgment if that judgment disposes of all causes of action in that complaint . . . brought by or against a particular party or parties. Such a judgment shall be a final judgment regardless of whether judgment was rendered on the granting of a motion to strike pursuant to Section 10-44 . . . [or] by summary judgment pursuant to Section 17-44 . . . ."

Additionally, Practice Book § 10-44 provides in relevant part that "where an entire complaint . . . or any count in a complaint . . . has been stricken, and the party whose pleading or a count thereof has been so stricken fails to file a new pleading within . . . fifteen day[s], the judicial authority may, upon motion, enter judgment against said party on said stricken complaint . . . ."

[4] Section 17-45 currently requires the adverse party to file its response to the motion within forty-five days of the filing of the motion, as opposed to at least five days before the hearing on the motion. Practice Book § 17-45 (b). Although "[p]rocedural statutes and rules of practice ordinarily apply retroactively . . . [they] will not be applied retroactively if considerations of good sense and justice dictate that [they] not be so applied." (Internal quotation marks omitted.) *Narayan* v. *Narayan*, 305 Conn. 394, 403, 46 A.3d 90 (2012). We conclude that those considerations dictate that the rule that should be applied in this case is the one that was in effect at the time of the hearing on the motion for summary judgment; otherwise, we would effectively be pulling the rug out from under the plaintiff, who complied with the rule as written at the time. Even if we were to apply the current version of § 17-45, we would be troubled by the defendants' failure to support their motion with appropriate documents because "the moving party shall not claim the motion for summary judgment to the short calendar less than forty-five days after the filing of the motion for summary judgment"; Practice Book § 17-45 (c); and the defendants did not file their supporting documents within that timeframe.

[5] Practice Book § 17-45 "does not require affidavits when the relevant facts are available to the court and unchallenged by the nonmoving party . . . ." *Romprey* v. *Safeco Ins. Co. of America*, 310 Conn. 304, 324 n.12, 77 A.3d 726 (2013). The present case does not involve such a scenario.

[6] Because we conclude that the trial court's consideration of the defendant's untimely affidavit was improper, we do not consider the plaintiff's alternative arguments that the affidavit was self-serving hearsay and insufficient on its face.

[7] Although we conclude that the court improperly rendered summary judgment because the defendant's affidavit was untimely, we also consider this claim because it provides an alternative ground for affirmance.

[8] The defendant, without citation to any authority, essentially claims that the plaintiff waived its argument that the trial court could not allow the defendant to orally amend his motion by not objecting during the hearing; however, as we have noted, the record does not indicate that the defendants actually asked for the court's permission to add the unjust enrichment count to the motion. We fail to see how the plaintiff could have objected to a request to add the unjust enrichment count to the motion for summary judgment when that request was never made.