******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

*Syllabus*

The plaintiff bank, W Co., sought to foreclose a mortgage on certain real
    property owned by the defendants F and D following their alleged default
    on the promissory note secured by the mortgage. Thereafter, T Co.,
    which had been substituted as the plaintiff in the action, filed a motion
    for summary judgment as to liability on the ground that there was no
    genuine issue as to any material fact and that it was entitled to judgment
    as a matter of law. In response, the defendants filed an objection,
    asserting that a genuine issue of material fact existed as to whether W Co.
    had complied with the notice provisions (§ 8-265ee) of the Emergency
    Mortgage Assistance Program, which require a mortgagee to provide
    certain specific notice to the mortgagor before it can commence a
    foreclosure of a qualifying mortgage under the program. At the hearing
    on the motion for summary judgment, T Co. presented the live testimony
    of two witnesses and introduced five exhibits into evidence in support
    of its contention that the notice provisions of the program had been
    complied with, and both of the defendants testified that they did not
    receive the required notice. At the conclusion of the hearing, the trial
    court, on the basis of the credible testimony and the evidence, found
    that there had been full compliance with the notice provisions of the
    program. The court therefore granted T Co.'s motion for summary judg-
    ment as to liability on the ground that there was no genuine issue of
    material fact regarding the sole issue in dispute. Subsequently, the trial
    court granted T Co.'s motion for a judgment of strict foreclosure and
    rendered judgment thereon, from which the defendants appealed to this
    court. *Held* that the trial court improperly permitted and considered
    live testimony from witnesses during the evidentiary hearing on T Co.'s
    motion for summary judgment as to liability and the defendants' objec-
    tion to that motion; by weighing the credibility of the witnesses who
    testified and assessing the strength of the evidence submitted at the
    evidentiary hearing in deciding the motion, that court improperly
    decided a genuine issue of material fact, which rendered the granting
    of the motion for summary judgment improper.

Argued October 8—officially released November 19, 2019

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty owned by the named defendant et al., and for other
relief, brought to the Superior Court in the judicial dis-
trict of Ansonia-Milford, where Wilmington Trust,
National Association, as trustee for MFRA Trust 2015-
2, was substituted as the plaintiff; thereafter, the court,
*Hon. John W. Moran*, judge trial referee, granted the
substitute plaintiff's motion for summary judgment as to
liability; subsequently, the court granted the substitute
plaintiff's motion for a judgment of strict foreclosure
and rendered judgment thereon, from which the named
defendant et al. appealed to this court. *Reversed*; *fur-
ther proceedings*.

*William J. Whewell*, with whom, on the brief, was
*Dorian D. Arbelaez*, for the appellants (named defen-
dant et al.).

*Benjamin T. Staskiewicz*, for the appellee (substi-

tute plaintiff).

*Opinion*

PER CURIAM. The defendants Thomas J. Ferraro and Danielle Ferraro[1] appeal from the judgment of strict foreclosure rendered by the trial court in favor of the substitute plaintiff, Wilmington Trust, National Association, as trustee for MFRA Trust 2015-2.[2] The defendants claim that the trial court erred when it granted summary judgment as to liability in favor of the plaintiff after it held an evidentiary hearing, and weighed and relied on the evidence adduced at that hearing, in resolving an issue of material fact in favor of the plaintiff. We reverse the judgment of the trial court.

On July 1, 2013, the original plaintiff, Wells Fargo Bank, N.A. (Wells Fargo), filed this foreclosure action alleging that the defendants had executed a promissory note and mortgage on certain property in its favor and that the defendants had defaulted on the note. The plaintiff thereafter filed a motion for summary judgment as to liability only on the foreclosure complaint against the defendants, arguing that there was no genuine issue as to any material fact and, therefore, that it was entitled to judgment as a matter of law. In response, the defendants filed an objection on the ground that a genuine issue of material fact existed as to whether Wells Fargo had complied with the notice provisions of the Emergency Mortgage Assistance Program (EMAP), General Statutes § 8-265cc et seq.[3]

On July 12, 2018, the court held an evidentiary hearing "limited to a singular issue by virtue of the defendants' objection to [the] plaintiff's motion for summary judgment dated May 14, 2018, raising an objection based on a—whether it was proper service of the EMAP notice."[4] At that hearing, the plaintiff presented the live testimony of two witnesses and introduced five exhibits into evidence in support of its contention that it had complied with the notice provisions of EMAP. Both of the defendants testified that they did not receive an EMAP notice.

At the conclusion of the hearing, the court held in relevant part: "Based on the credible testimony and the evidence, the court finds that there has been full compliance with [General Statutes §] 8-265ee." On that basis, the court determined that there was no genuine issue of material fact and thus granted summary judgment as to liability only in favor of the plaintiff. The court thereafter granted the plaintiff's motion for judgment of strict foreclosure, from which the defendants now appeal.

On appeal, the defendants claim that the trial court improperly permitted, considered and relied on live testimony from witnesses at an evidentiary hearing on the plaintiff's motion for summary judgment. We agree.

This court's decision in *Magee Avenue, LLC* v. *Lima Ceramic Tile, LLC*, 183 Conn. App. 575, 579–80, 193

A.3d 700 (2018), is dispositive of the defendants' claim on appeal. In holding that the trial court improperly permitted and considered live testimony during the hearing on the motion for summary judgment, the court in *Magee Avenue, LLC*, set forth the following reasoning: "The fundamental purpose of summary judgment is preventing unnecessary trials. . . . If evidentiary presentations and testimony were to be permitted, the intent to reduce litigation costs by way of the summary judgment procedure would be undermined, and there may as well be a trial on the merits. . . . A summary judgment should be summary; that is, made in a prompt, simple manner without a full-scale trial. The opposition to such a motion may include the filing of affidavits or other documentary evidence; Practice Book § 17-45; but does not include the live testimony of any witnesses. . . .

"Here, it is undisputed that the defendant testified regarding the contents of his affidavit and his personal knowledge of it. The court's consideration of this testimony necessarily required it to make credibility determinations and factual findings, a reality supported by the court's memorandum of decision, in which it stated that the court *finds* [that] the defendant . . . did not enter into an agreement with the plaintiff . . . in his individual capacity but only as the managing member of . . . [the defendant]. . . . Because the court made credibility determinations, there were axiomatically genuine issues of material fact, and summary judgment therefore was improper." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 585–86.

As in *Magee Avenue, LLC*, the trial court in this case held an evidentiary hearing on the plaintiff's motion for summary judgment and the defendants' objection thereto, during which it permitted and considered live testimony from witnesses. The court weighed the credibility of the witnesses who testified and assessed the strength of the evidence submitted at the evidentiary hearing in deciding that motion, and, in so doing, improperly decided a genuine issue of fact. On this basis, the summary judgment cannot stand.

The judgment is reversed and the case is remanded for further proceedings according to law.

[1] Gaylord Hospital, Diagnostic Imaging of Milford, P.C., Milford Hospital, and M&T Bank/M&T Credit Services, LLC, are also defendants in this action. Because they are not parties to this appeal, any reference herein to the defendants refers only to Thomas J. Ferraro and Danielle Ferraro.

[2] On July 12, 2018, the court granted the named plaintiff's motion to substitute Wilmington Trust, National Association, as trustee for MFRA Trust 2015-2 (Wilmington Trust), as the plaintiff. We therefore refer in this opinion to Wilmington Trust as the plaintiff.

[3] General Statutes § 8-265ee (a) provides: "On and after July 1, 2008, a mortgagee who desires to foreclose upon a mortgage which satisfies the standards contained in subdivisions (1), (9), (10) and (11) of subsection (e) of section 8-265ff, shall give notice to the mortgagor by registered, or certified mail, postage prepaid at the address of the property which is secured by the mortgage. No such mortgagee may commence a foreclosure of a mort-

gage prior to mailing such notice. Such notice shall advise the mortgagor of his delinquency or other default under the mortgage and shall state that the mortgagor has sixty days from the date of such notice in which to (1) have a face-to-face meeting, telephone or other conference acceptable to the authority with the mortgagee or a face-to-face meeting with a consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or otherwise, and (2) contact the authority, at an address and phone number contained in the notice, to obtain information and apply for emergency mortgage assistance payments if the mortgagor and mortgagee are unable to resolve the delinquency or default."

[4] On April 30, 2018, the trial court denied a motion to dismiss in which the defendants claimed that the plaintiff failed to comply with the EMAP notice provisions and that that failure deprived the court of subject matter jurisdiction to hear this case. The record is thus clear that the July 12, 2018 evidentiary hearing was limited to the plaintiff's motion for summary judgment.

───────────────────────────