******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

THE BANK OF NEW YORK MELLON, TRUSTEE *v.*
SEBASTIAN MANGIAFICO ET AL.
(AC 42560)

Lavine, Moll and Devlin, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property owned by the defendant M, following M's failure to make any payment on the note for a period of more than eight years. The trial court granted the plaintiff's motion for summary judgment as to liability only and rendered a judgment of strict foreclosure, from which M appealed. On appeal, M claimed that the trial court erred in granting the plaintiff's motion for summary judgment because the action was time barred by statute (§ 42a-3-188) and the court failed to consider his special defense that the plaintiff engaged in inequitable conduct. *Held*:

1. M's claim that the limitation period in § 42a-3-118 barred the foreclosure action was unavailing; the statute, which required that any action to enforce the underlying debt represented by a note must be initiated within six years after the accelerated due date in the note, applies only to the enforcement of a note and did not bar a mortgage foreclosure action on the same debt, and this court declined to overrule precedential case law defining the note and the mortgage as separate instruments and actions for foreclosure of the mortgage and upon the note as distinct causes of action.

2. The trial court properly rejected the viability of M's special defense that the plaintiff engaged in inequitable conduct: M failed to sufficiently allege a valid defense or otherwise meet his burden of proving the facts alleged in his special defense, as his support of his defense consisted only of an affidavit providing merely conclusory statements that did not go to the making, validity or enforcement of the mortgage, and the court properly refused to consider M's testimony at the summary judgment hearing; moreover, M's attempted reliance on appeal on findings in the foreclosure mediator's final report was unavailing, as neither party had submitted the report to the trial court for its consideration in the summary judgment context and, thus, this court did not consider that evidence.

Submitted on briefs March 2—officially released July 7, 2020

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the defendant Stuart Hecht et al. were defaulted for failure to appear; thereafter, the court, *Dubay, J.*, granted the plaintiff's motion for summary judgment as to liability only; subsequently, the court granted the plaintiff's motion for judgment of strict foreclosure and rendered judgment thereon, from which the named defendant appealed to this court. *Affirmed.*

*Paul G. Ryan*, filed a brief for the appellant (named defendant).

*Adam D. Lewis*, filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant Sebastian Mangiafico[1] appeals from the judgment of strict foreclosure rendered in favor of the plaintiff, The Bank of New York Mellon, formerly known as The Bank of New York, as Trustee (CWALT 2007-14T2).[2] On appeal, the defendant claims that the trial court erred in granting the plaintiff's motion for summary judgment as to liability only because (1) the action is time barred by the statute of limitations set forth in General Statutes § 42a-3-118, and (2) the court failed to consider the defendant's fifth special defense, namely, that the plaintiff engaged in inequitable conduct.[3] We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. On February 17, 2007, the defendant executed a promissory note (note) payable to Ascella Mortgage, LLC, in the principal amount of $672,000. To secure the note, the defendant executed an open-end mortgage deed (mortgage) in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Ascella Mortgage, LLC, on real property located at 35 Sullivan Farm Road in Broad Brook (property). Beginning in February, 2008, and each and every month thereafter, the defendant failed to make any payment on the note. The plaintiff is the present holder of the note, and the mortgage was assigned to the plaintiff on August 11, 2016.

On August 19, 2016, the plaintiff commenced this mortgage foreclosure action by way of a one count foreclosure complaint. After receiving the summons and complaint, the defendant filed a foreclosure mediation certificate. On September 21, 2016, this case was assigned to the foreclosure mediation program. Thereafter, the plaintiff and the defendant participated in several mediation sessions; however, those sessions proved unsuccessful and, as a result, terminated on February 7, 2018.

On February 28, 2018, the defendant filed an answer and special defenses. Specifically, the defendant alleged the following as special defenses: (1) he did not believe that the amount of the debt stated was accurate; (2) he did not believe that the plaintiff was the proper holder of the note and the mortgage; (3) he did not know if the mortgage was properly recorded; (4) the plaintiff and its predecessors had acted in bad faith by not communicating with the defendant and refusing to make payment arrangements with him; (5) the plaintiff violated the mediator's instructions and did not participate in foreclosure mediation in good faith; (6) the plaintiff failed to bring this action within six years from the defendant's last payment; (7) the plaintiff knew that the defendant had asserted defenses to the enforcement of the loan in a previous foreclosure action that was "dismissed";[4] and (8) it was unfair for the plaintiff to

prosecute this foreclosure action after a previous foreclosure action was "dismissed." On October 10, 2018, the plaintiff filed a motion for summary judgment as to liability only, a memorandum of law in support of the motion, an affidavit of Keli Smith, and appended exhibits. The defendant filed an objection to the motion "under oath." Following a hearing on December 10, 2018, the court granted summary judgment with respect to liability only in favor of the plaintiff. The defendant's motion to reargue that decision was denied.

On January 28, 2019, the court rendered a judgment of strict foreclosure in favor of the plaintiff. This appeal followed. The court subsequently granted in part a motion for articulation filed by the defendant and summarized the court's reasoning for granting summary judgment, essentially adopting the analysis of the plaintiff as set forth in its moving papers. The court further stated: "To the extent that [the] defendant's purported special defenses are able to be construed as even constituting special defenses, none [goes] to the making, validity or enforcement of [the] note and/or [the] mortgage. The 'affidavit' of the defendant provides zero evidence, rather conclusory statements, at best. The defendant proudly asserts that he has been in default of his obligations for eight years. Foreclosure is an equitable proceeding." Additional facts will be set forth as necessary.

We begin by setting forth the relevant standard of review and legal principles. "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . A material fact is one that makes a difference in the outcome of a case. . . .

"Summary judgment shall be granted if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The trial court must view the evidence in the light most favorable to the nonmoving party. . . .

"Appellate review of the trial court's decision to grant summary judgment is plenary. . . . [W]e must [therefore] decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . .

"In order to establish a prima facie case in a mortgage foreclosure action, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage, that the defendant mortgagor has defaulted on the note and that any conditions precedent

to foreclosure, as established by the note and mortgage, have been satisfied. . . . Thus, a court may properly grant summary judgment as to liability in a foreclosure action if the complaint and supporting affidavits establish an undisputed prima facie case and the defendant fails to assert any legally sufficient special defense. . . .

"[A] holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under [General Statutes § 49-17]. . . . It [is] for the defendant to set up and prove the facts which limit or change the plaintiff's rights. . . .

"[T]he party raising a special defense has the burden of proving the facts alleged therein. . . . If the plaintiff in a foreclosure action has shown that it is entitled to foreclose, then the burden is on the defendant to produce evidence supporting its special defenses in order to create a genuine issue of material fact . . . . Legally sufficient special defenses alone do not meet the defendant's burden. The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . Further . . . [t]he applicable rule regarding the material facts to be considered on a motion for summary judgment is that the facts at issue are those alleged in the pleadings. . . . [B]ecause any valid special defense raised by the defendant ultimately would prevent the court from rendering judgment for the plaintiff, a motion for summary judgment should be denied when any [special] defense presents significant fact issues that should be tried." (Citations omitted; internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Eichten*, 184 Conn. App. 727, 743–45, 196 A.3d 328 (2018).

I

The defendant claims that this foreclosure action is barred by the statute of limitations set forth in § 42a-3-118 and, therefore, the trial court improperly rendered summary judgment on the issue of liability in favor of the plaintiff.[5] Specifically, he argues that any action to enforce the underlying debt represented by the note must have been initiated within six years after the accelerated due date, and that the plaintiff had accelerated the debt in early 2008.[6] The plaintiff contends that the statute of limitations set forth in § 42a-3-118 applies only to the enforcement of a note and does not bar a mortgage foreclosure action on the same debt. We agree with the plaintiff.

"Whether a particular action is barred by the statute of limitations is a question of law to which we apply a plenary standard of review." *Federal Deposit Ins. Corp.* v. *Owen*, 88 Conn. App. 806, 814, 873 A.2d 1003, cert. denied, 275 Conn. 902, 882 A.2d 670 (2005). "[T]he rule in Connecticut, as far back as the early nineteenth cen-

tury, is that a statute of limitations does not bar a mortgage foreclosure. . . . Repeatedly reaffirmed and generally known, it has taken on the aspect of a rule of property and in all probability many mortgages in this [s]tate are now held, after any action upon the debt secured has been barred, in reliance upon it. . . . The rule is in harmony with the accepted principle that the statute of limitations does not destroy the debt but merely bars the remedy." (Citation omitted; internal quotation marks omitted.) Id., 815.

Furthermore, in *New Milford Savings Bank*, our Supreme Court held that "upon the default of the mortgagor, the mortgagee has multiple remedies against both the mortgagor and the mortgaged property. The plaintiff is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both. A note and a mortgage given to secure it are *separate instruments, executed for different purposes* and, in this [s]tate, action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as *separate and distinct causes of action*, although both may be pursued in a foreclosure suit." (Emphasis added; internal quotation marks omitted.) *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 266–67, 708 A.2d 1378 (1998).

On appeal, the defendant argues that "[t]he note evidencing the underlying debt and the mortgage that secures the note are inextricably linked. The mortgage only secures the note—[it is] not a debt unto itself. It is only the note, not the mortgage, that can be accelerated. . . . If the statute of limitations expires and the note becomes unenforceable, the mortgage securing that note also becomes unenforceable. The mortgage simply does not exist . . . without the note which it secures." Simply put, the defendant's argument directly contradicts Connecticut law as set forth in *Federal Deposit Ins. Corp.* v. *Owen*, supra, 88 Conn. App. 815, in which this court held, among other things, that § 42a-3-118 does not bar a mortgage foreclosure. Although the defendant contends that we should overrule *Federal Deposit Ins. Corp.* v. *Owen*, "[i]t is axiomatic that one panel of this court cannot overrule the precedent established by a previous panel's holding. . . . As we often have stated, this court's policy dictates that one panel should not, on its own, [overrule] the ruling of a previous panel. The [overruling] may be accomplished only if the appeal is heard en banc." (Internal quotation marks omitted.) *LM Ins. Corp.* v. *Connecticut Dismanteling, LLC*, 172 Conn. App. 622, 632–33, 161 A.3d 562 (2017). Accordingly, the defendant's claim fails.

II

Relying on *U.S. Bank National Assn.* v. *Blowers*, 332 Conn. 656, 212 A.3d 226 (2019), the defendant next claims that the trial court should not have rendered summary judgment as to liability only in favor of the

plaintiff because the trial court failed to consider his fifth special defense.[7] In support of his claim, the defendant argues that "[t]he plaintiff's bad behavior was identified by both [the defendant] and the foreclosure mediator [in the mediator's final report]." The plaintiff contends that the defendant failed to sufficiently allege or present evidence in support of his special defense. We agree with the plaintiff.

By way of background, in his answer and special defenses, the defendant alleged, relevant to this claim on appeal, that "[the] plaintiff has violated the mediator's instructions and has not participated in the mediation in good faith. The plaintiff was supposed to provide me with an accurate appraisal and never gave me accurate information." In its motion for summary judgment, the plaintiff argued, among other things, that the defendant's fifth special defense failed as a matter of law because it neither was legally sufficient nor did it address the making, validity, or enforcement of the mortgage. In opposition to the plaintiff's motion for summary judgment, the defendant filed an objection "under oath," in which he stated: "The [p]laintiff did not participate in the mediation in 'good faith.' It did not provide information about the appraisal [it] supposedly obtained and [it] also made [a] ridiculous offer that would have required me to make a lump sum payment in the amount [of] hundreds of thousands of dollars." The trial court rejected the viability of the defendant's fifth special defense, among others, stating that "[t]o the extent that [the] defendant's purported special defenses are able to be construed as even constituting special defenses, none [goes] to the making, validity or enforcement of [the] note and/or [the] mortgage. The 'affidavit' of the defendant provides zero evidence, rather conclusory statements, at best."

As an initial matter, on appeal, the defendant relies on the mediator's final report in support of his claim. The record reveals, however, that neither party submitted this report to the trial court.[8] In this connection, it is well settled that "[w]e . . . do not consider evidence not presented to the trial court." *U.S. Bank National Assn.* v. *Eichten*, supra, 184 Conn. App. 756. In addition, to the extent the defendant argues that the trial court refused to consider his "testimony" at the summary judgment hearing, we note that, even if the defendant's statements to the trial court had been under oath, they would not have properly been considered by the trial court as a part of the defendant's evidentiary submission. See *Wells Fargo Bank, N.A.* v. *Ferraro*, 194 Conn. App. 467, 470, 221 A.3d 520 (2019) (reversing summary judgment on basis that "the trial court improperly permitted, considered and relied on live testimony from witnesses at an evidentiary hearing on the plaintiff's motion for summary judgment"); *Magee Avenue, LLC* v. *Lima Ceramic Tile, LLC*, 183 Conn. App. 575, 585–86, 193 A.3d 700 (2018) (concluding that trial court improp-

erly permitted and considered defendant's live testimony during hearing on motion for summary judgment).

Simply put, the defendant's allegations and evidentiary submission were insufficient to fall within our Supreme Court's clarification of the making, validity, or enforcement test, as set forth in *U.S. Bank National Assn.* v. *Blowers*, supra, 332 Conn. 675, namely, that "allegations that the mortgagee has engaged in conduct that wrongly and substantially increased the mortgagor's overall indebtedness, caused the mortgagor to incur costs that impeded the mortgagor from curing the default, or reneged upon modifications are the types of misconduct that are directly and inseparably connected . . . to enforcement of the note and mortgage." (Citation omitted; internal quotation marks omitted.) Therefore, because the defendant did not sufficiently allege a valid defense or otherwise meet his burden of proving the facts alleged in his special defense; see *U.S. Bank National Assn.* v. *Eichten*, supra, 184 Conn. App. 745; his claim fails.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

[1] The complaint also named several other parties as defendants: Stuart Hecht; Janice Hecht; Synchrony Bank, Successor in Interest to GE Capital Retail Bank, formerly known as GE Money Bank; Saint Francis Hospital and Medical Center; Mohawk Factoring, Inc.; and Masland Carpets & Rugs. These parties were defaulted for failing to appear and are not participating in this appeal. Accordingly, we refer to Sebastian Mangiafico as the defendant.

[2] Neither the defendant nor his counsel appeared for oral argument and, therefore, this court considered the appeal on the briefs submitted by the parties. See *State* v. *Cotto*, 111 Conn. App. 818, 819 n.1, 960 A.2d 1113 (2008).

[3] The defendant also claims that the trial court erred in granting the plaintiff's motion for summary judgment as to liability only when issues of fact exist as to the date the debt was initially accelerated. Because that claim is inadequately briefed, we decline to review it. See *State* v. *Fowler*, 178 Conn. App. 332, 345, 175 A.3d 76 (2017) ("We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.)), cert. denied, 327 Conn. 999, 176 A.3d 556 (2018).

Additionally, the defendant argues for the first time on appeal that the foreclosure action is barred by the doctrine of laches. The defense of laches was neither pleaded nor raised in the trial court. Accordingly, we decline to review this particular claim. See *Peckheiser* v. *Tarone*, 186 Conn. 53, 61, 438 A.2d 1192 (1982).

[4] In 2008, a prior foreclosure action was commenced against the defendant with regard to the property. See *Bank of New York* v. *Mangiafico*, Superior Court, judicial district of Hartford, CV-08-5022713-S. That action was withdrawn on May 9, 2013.

[5] General Statutes § 42a-3-118 provides in relevant part: "[A]n action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date. . . ."

[6] The defendant alleges that the plaintiff accelerated the debt and brought a timely foreclosure action in early 2008, and that the case was subsequently "dismissed." See footnote 4 of this opinion.

[7] Because this allegation is the only language in the defendant's answer and special defenses to which the defendant refers in his appellate brief in connection with this claim on appeal, we limit our analysis accordingly.

[8] Because the mediator's final report was not submitted to the court for its consideration in the summary judgment context, we need not address

the admissibility of such a document.

———————————————————